Sandford, J.
It is objected that a party cannot proceed under section 292 of the code, until after the expiration of the sixty days during which an execution may run; although the execution be in fact returned unsatisfied and filed. This is insisted in analogy to the established practice on creditor’s bills in the late court of chancery. (3 Paige, 311.)
The code is consistent with the course pursued by the plaintiff here, who had his execution returned in thirty days after it was issued. I have advised with my associates, and my conclusion, I am authorized to say, is theirs also. We desire to establish a uniform practice on the subject, and we find that this course is sanctioned, both in the supreme court and the common pleas in this city. For the decisions in the supreme court we refer to 1 Code Reporter, 107, note.
*680 It may, therefore, be deemed the established practice in this court, that whenever an execution has been regularly issued and returned unsatisfied, the creditor may proceed against the judgment debtor’s things in action, under section 292 of the code; without regard to the time during which the execution was in the hands of the sheriff. If collusion or fraud in making the return, or in omitting to levy upon property, be shown, the court will take care that the proceeding shall not be made an instrument to carry the fraud into effect.
The averment as to things in action, &c., expected to be reached by this examination, is one required by the practice of the court. It is not a statutory provision, and it may now be supplied by a supplementary affidavit.
There is, however, a fatal defect in the plaintiff’s proceedings, in the fact that the execution was not actually returned, until several days after the order for the defendant’s examination was made.
The order must be discharged, but without costs. The 301st section does not give the defendant costs in these cases, unless he has been examined.