## SUPREME COURT.

DAVID SACKETT, respondent, agt. SAMUEL NEWTON, appellant.

In proceedings supplementary to execution, the 292d section of the Code requires the creditor to first issue his execution *in all cases*. If he fails to reach the debtors property by that means, he may, under the first sub-division of that section, upon the return of the execution unsatisfied, have an order requiring the debtor to submit to an examination for the purpose of discovering his property.

Under the 2d sub-division, if, after the execution has been issued and before it is returned, the creditor can prove, to the satisfaction of the judge, that the debtor has property not subject to levy, or which is so kept by the debtor that it cannot be clearly identified, and with ordinary diligence reached by execution, the creditor may have the same order, upon which the same proceedings may be had as are given on the return of the execution.

But where it appears that a defendant in an execution not returned, is in possession and occupation of a farm of land, with stock and farming implements thereon, which he claims belong to his wife, the creditor has no authority to

Sackett agt. Newton.

institute these summary proceedings under the 292d section. He must, under such circumstances, first exhaust his remedy by execution; because the property is tangible, and affords unequivocal evidence of title and possession. Where the facts disclosed by the affidavit of the creditor are not such as to make a case within the statute, the officer acquires no jurisdiction over the subject matter; and the voluntary appearance and examination of the defendant cannot give him jurisdiction.

*Erie General Term, Nov.,* 1854.

MARVIN, P. J., BOWEN and GREENE, Justices.

THIS was an appeal from an order made by the special surrogate of Chautauque county, appointing a receiver, and the several orders prior thereto, made by him in proceedings supplemental to execution.

The affidavit produced before the officer shows the recovery of a judgment by the respondent against the appellant and others, on the 22d day of September, 1843, for $714.08 damages, and $96.08 costs. That on the 11th day of December, 1854, an execution was issued upon said judgment, in pursuance of an order of the court, which was, at the time of the application for the order, (Feb. 15, 1854,) in the hands of the sheriff. That on the 2d day of February, 1854, the assignee of the judgment called upon the appellant and found him in the possession of a farm of about 70 acres of land, worth $25 or $30 per acre; that the appellant claimed that he had no interest in the farm, and that it belonged to his wife; that the appellant also had stock and farming utensils in his possession and were not exempt from execution, and that he refused to apply any of such property to the satisfaction of said judgment. Upon this affidavit, the officer issued an order reciting that an execution had been issued upon the judgment and returned unsatisfied, and ordering the appellant to appear before him, to answer on oath concerning his property. The defendant appeared on the return day, and submitted to an examination without objection. At the close of the examination, the officer decided that there was sufficient ground for the appointment of a receiver; and the appellant requested that the proceedings might be delayed to enable him to consult counsel.

After a short delay, the appellant again appeared with counsel, and raised the following among other objections :

1st. That the facts disclosed in the respondent's affidavit did not give the officer jurisdiction.

2d. That it appeared that the property mentioned in the affidavit was subject to levy and sale on execution, and it did not appear that the officer could not seize it.

These objections were overruled, and the special surrogate made an order appointing a receiver and enjoining the appellant from disposing of or interfering with his property. The defendant appeals from both of these orders, and asks to have all the proceedings and orders reversed.

GEORGE BARKER, *for appellant*—Insisted, 1st. That the affidavit upon which the order to appear and answer was granted, did not contain proof that the appellant "*unjustly refused*" to apply his property to pay the debt. The affidavit should detail the facts and circumstances relied upon, so that the officer could judge of their force. (§ 292.)

2d. The order did not correspond with the case presented by the affidavit—the affidavit showed the execution in the hands of the officer, and was designed to make a case in aid of execution. The order was made with the idea that execution was returned unsatisfied.

3d. The appearance of the appellant on the return of the order, did not waive the question of jurisdiction. The officer gets jurisdiction of the *subject matter*, by the affidavit required by statute. 2. The appearance of the debtor was not voluntary, but was coerced by the officer. And his appearance can only be construed for the purpose of answering the order—" to answer concerning his property ;" he is before the officer as a witness, and is examined as any other witness. (*Brodhead* agt. *M'Connell*, 3 *Barb.* 171 ; *In the matter of Faulkner*, 4 *Hill*, 601 ; *Bissell* agt. *Briggs*, 9 *Mass.* 469 ; *Pawling* agt. *Bird*, 13 *Johns.* 192 ; *Garvin* agt. *Sheldon*, 3 *Barb.* 232 ; *Burckle* agt. *Gebhardt*, 3 *Comstock*, 132.)

4th. Even where the jurisdiction of a special officer comes

Sackett agt. Newton.

up collaterally, the person alleging jurisdiction has got to prove it, where it depends on the officer and his proceedings solely. But where jurisdiction is claimed by the acts of the officer, and his proceedings are partly by the acts of the person proceeded against, then the rule is changed, and the party must show want of jurisdiction, and that his apparent concurrence was coerced by an illegal assumption of power. (*Brodhead* agt. *M'Connell*, 3 *Barb.* 184.)

E. F. WARREN, *for respondent*—1st. The affidavit on which the order that the defendant appear was granted, was sufficient. It contained evidence tending to show that defendant had property which he refused to apply, and the officer had a right to be satisfied with it. (*Code*, § 292; 7 *How. Pr. R.*, 416.)

2d. A receiver may be appointed where it appears that the property of the debtor is the subject of a levy. (4 *Sand.* 649; *Code* § 292.)

3d. The defendant waived his right to object to the regularity of the previous proceedings, by appearing and submitting to an examination. (8 *How. Pr. R.*, 315; 5 *id.* 16.)

By the court—GREENE, Justice. By the 2d clause of § 292 of the Code, it is provided that after the issuing of an execution against property, and upon proof by affidavit, to the satisfaction of the court or judge, that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, the court or judge may; by an order, require the judgment debtor to appear and answer concerning the same, and that such proceedings may thereupon be had, for the application of the debtors property towards the satisfaction of the judgment, as are provided upon the return of an execution unsatisfied.

This provision was, undoubtedly, suggested by the 4th sub. of the 4th section of the non-imprisonment act, which provided that where satisfactory evidence, by affidavit, should be adduced to the officer mentioned in the act, that the defendant had property or rights in action which he *fraudulently*

*concealed,* or that he had *rights in action, &c.,* which he unjustly refused to apply to the payment of any judgment that might have been rendered against him; the officer should issue his warrant for the arrest of the defendant, as provided in the 3d section of that act. Proceedings could not be instituted under the act, predicated upon any of the facts specified in the 2d sub. of § 4, until the recovery of judgment; but they might be taken after the rendition of judgment, before the issuing of execution, and while the execution was stayed by the statute. It is apparent from these provisions, that the proceeding by warrant, provided for by that act, was designed as a substitute for an execution in cases where that remedy was inapplicable. The first clause of sub. 2, of § 4, relates to *property* and things in action that have been *fraudulently concealed,* and thus put beyond the reach of an execution; while the 2d clause relates to rights in action, money, &c., which are not subject to levy and sale on execution. Mr. Justice COWEN, in the case of *Berthelon* agt. *Betts,* (4 *Hill,* 577, 579,) said "We have always understood the provisions in question as no more than a statute execution against choses in action, and other effects *not tangible by the ordinary fi. fa.*

It is entirely clear from the provisions of this statute, and from all the decisions upon, and practice under it, that it was never intended by the legislature, nor construed by the courts, to sanction this summary proceeding for the purpose of reaching tangible property in the open and notorious possession of the debtor and within the reach of an ordinary execution, where the debtor had manifested no design to remove or dispose of it with a fraudulent intent.

In my opinion, the provisions of the 292d section of the Code, when fairly construed, are not susceptible of any such intolerable abuse. The first clause of the section provides for the issuing of the order, requiring the debtor to appear and answer concerning his property, *after an execution has been returned unsatisfied*—thus plainly implying, that in ordinary cases the creditor must exhaust his remedy by execution, before resorting to this proceeding. The second clause provides that

Sackett agt. Newton.

the order may be issued after the execution has been *issued,*
and upon proof that the debtor *has property* which he unjustly
refuses to apply towards the satisfaction of the judgment. If
the word property in this section is to have the comprehensive
construction indicated by the general definition of that term,
contained in the 463d and 464th sections, unqualified by the
other provisions · of the section, then it may be asked why, in
a case where there is no proof that the debtor has property,
,should the creditor be compelled to wait until the return of his
execution, before he can compel the debtor to answer, when,
in another case, the creditor is permitted to take the same pro-
ceeding upon proving that the debtor has property which may
be reached and appropriated by means of his execution? Why,
in the latter case, is he required *to issue an execution at all,* if
property of every species, as well as that which is tangible and
subject to levy and sale on execution, and in the open posses-
sion of the debtor, as that which in its nature cannot be so
reached, or is so concealed that it cannot be discovered, cannot
be reached by execution? I think the answer is plainly suggest-
ed by the various provisions of the Code on this subject. The
proceeding authorized by the 2d clause of § 292 was given for
the purpose of reaching such property only as was of such a
nature, or so circumstanced, that it could not be reached by execu-
tion. As to all other property, the section which requires the
previous issuing of an execution, contemplates that the creditor
shall be confined to that remedy until the execution shall be re-
turned, pursuant to the provisions of the section. The creditor
must first issue his execution in all cases. That is the remedy
provided by the Code, as well as by the pre-existing law. If he
fails to reach the debtor's property by that means, he may, upon
the return of the execution unsatisfied, have an order requiring
the debtor to submit to an examination for the purpose of dis-
covering his property. If, after the execution has been issued
and before it is returned, the creditor can prove, to the satis-
faction of the judge, that the debtor has property not subject
to levy, or which is so kept by the debtor that it cannot be
clearly identified, and with ordinary diligence reached by exe-

Sackett agt. Newton.

cution, the creditor may have the same order, upon which the same proceedings may be had as are given on the return of the execution.   But where the debtor is shown to be in the undisputed possession of property subject to levy on execution, under circumstances affording unequivocal evidence of title, the creditor is bound to levy upon such property instead of resorting to this proceeding.   A construction of the statute which would authorize this proceeding under such circumstances, and thus summarily and unnecessarily substitute a receiver, in the place of the sheriff, to take charge of the debtor's property, would be productive only of injustice and oppression.

In this case, the respondent's affidavit, that the execution had not been returned; and, although the time within which the sheriff was authorized to levy under it, had expired, that fact did not authorize this proceeding.   It was the duty of the creditor to issue a new execution.   I am, therefore, of the opinion, that the facts disclosed in the affidavit upon which the proceeding was founded, did not make a case within the statute—that the officer acquired no jurisdiction over the subject matter; and, as none could be conferred by the appearance of the appellant, even if he had made no objections to the proceeding, the orders appealed from should be reversed with costs.