## SUPREME COURT.

### ALBANY CITY NATIONAL BANK agt. THOMAS S. GAYNOR.

*Receiver — in supplementary proceedings — When court will not order judgment debtor to deliver real estate of such debtor to receiver — Judgment creditor must first exhaust his remedy under his execution.*

This court will not order a judgment debtor to deliver to a receiver, appointed in supplementary proceedings, the possession of real estate of such debtor upon which the judgment was a lien and which could have been sold under an execution before the receiver was appointed. The judgment creditor must first exhaust his remedy under execution.

*Albany Special Term, March,* 1884.

A RECEIVER appointed in supplementary proceedings applied for an order to compel the defendant to deliver to him the possession of a house and lot occupied by the defendant. The defendant had been the owner and occupant of the premises for many months prior to and since the recovery of plaintiff's judgment, and said judgment was, of course, a lien thereon. It appeared that the premises were incumbered by mortgages to several parties, but the defendant claimed not to its full

value. The defendant insisted that the realty should have been sold on execution.

*Louis Dreyer*, for plaintiff :

I. The receiver is entitled to all of defendant's property and the court will order its delivery to him (9 *How. Pr.*, 136 ; 53 *id.*, 173 ; 16 *N. Y.*, 543). *a.* The receiver represents both the debtor and creditor (87 *N. Y.*, 155).

*Edward J. Meegan*, for defendant :

I. Where the judgment debtor is the owner of real estate so that the judgment becomes a lien upon it, no authority should be given to a receiver, appointed in supplemental proceedings under the judgment, to sell such real estate. The judgment creditor must exhaust his remedy under his execution and sell the real estate by sheriff's sale (*Petition of Inglehart*, 1 *Sheldon* [*Buff. Sup. Ct.*], 514 ; *Bunn* agt. *Daly*, 24 *Hun*, 526 ; *Tinkey* agt. *Langdon*, 13 *N. Y. Weekly Dig.*, 384). *a.* In the *Inglehart case* (*page* 515) it is said : " It was the established policy of that court (chancery) not to permit a receiver in such cases to sell the real estate of the judgment debtor in any case where it appeared that the lands were bound by the judgment, and no impediment existed to a sale under an execution issued upon the judgment. A sale by the receiver having no equity of redemption in the judgment debtor or his creditors, would defeat the object of the statute in protecting their interests " (*See, also, Riddle on Sup. Pro.* [2d ed., *addenda*], *p.* 23). *b.* The *Inglehart case* is sustainable on principle. It is against the policy of the law to punish a man for poverty merely, or to harass him because he is for a time unable to pay his debts. After the recovery of a judgment the creditor's remedy is to issue an execution, and the debtor's property, real or personal, sold and applied. The form of execution is given by section 1369 of the Code of Civil Procedure. The Code (*sec.* 1446) also provides that within one year after the sale of real property by virtue of an execution the defendant may redeem. The Code further provides for

supplementary proceedings (*tit.* 9, *art.* 1) and for a receiver (*tit.* 9, *art.* 2); and before supplementary proceedings can be instituted the execution must have been returned unsatisfied (*Sec.* 2435). It is an established rule in the exposition of statutes that the intention of the law given is to be deduced from a view of the whole and every part of a statute taken and compared together (1 *Kent Com.* [*12th ed.*], 462). The Code system. is complete: *First.* The judgment. *Second.* The execution, sale and redemption. *Third.* The supplemental proceedings. *Fourth.* The receiver. The courts should give effect to every section of the Code; and as it authorizes the sale of real estate on execution, and the benignant right of redemption is annexed, no other part of the same Code should be so construed as to defeat this right. *c.* Supplementary proceedings are a substitute for the ordinary creditors' bill, and the same rules prevail except where altered by the Code (*Riddle on Sup. Pro.*, 1; *Smith* agt. *Mahony*, 3 *Daly*, 285). Creditors' suits had their origin in the narrowness of the common-law remedies by execution, and were permitted to be brought in those cases where the relief by execution was ineffectual, as for a discovery of assets, to reach equitable and other interests not subject to levy and sale at law and to set aside fraudulent conveyances and obstructions. It is a necessary result, from the whole theory of creditors' suits, that jurisdiction in equity will not be entertained where there is a remedy at law (3 *Pom. Eq. Jur.*, sec. 1415). *d.* The receiver " is subject to the direction and control of the court out of which the execution was issued " (*Code, sec.* 2471). A second execution may properly issue analogous to the old practice of creditors' bill, although supplementary proceedings are pending (*Smith* agt. *Mahony*, 3 *Daly*, *supra*).

WESTBROOK, *J.* — The owner of a judgment which is a lien upon real estate seeks to obtain possession of the real estate through a receiver appointed in supplemental proceedings without a sale under the judgment. This cannot be done, for

it would be a practical repeal of the statutes providing for the sale of real estate under a judgment. It is useless, however, to reason. *Bunn* agt. *Daly* (24 *Hun*, 526) and *Tinkey* agt. *Langdon* (13 *N. Y. Weekly Dig.*, 384; *S. C.*, 25 *Hun*, 562) decide the exact question.

Motion denied, with ten dollars costs.