(15 Misc. Rep. 444.)

### JENNINGS v. LANCASTER.

(City Court of New York, General Term. January 28, 1896.)

1. SUPPLEMENTARY PROCEEDINGS—JURISDICTION—RETURN OF EXECUTION.
   Where plaintiff proceeds under Code Civ. Proc. § 2435, which authorizes the examination of a judgment debtor after the return, wholly or partly unsatisfied, of an execution against his property, an order for the examination of a debtor is void unless execution had been returned at the time the order issued.

2. SAME—WAIVER OF DEFECT.
   The return of the execution, being a jurisdictional fact, is not waived by the judgment debtor's appearing and submitting to an examination under the order without objection.

Appeal from special term.

Action by Catherine A. Jennings against James H. Lancaster. From an order adjudging defendant guilty of contempt, in having disposed of his property in violation of an injunction order in supplementary proceedings, issued under Code Civ. Proc. § 2435, defendant appeals. Reversed.

Argued before BOTTY and McCARTHY, JJ.

Charles J. Pierson, for appellant.
P. M. Brown, for respondent.

BOTTY, J. The order for the examination of the appellant as a judgment debtor in proceedings supplementary to execution, whereby he was forbidden to transfer or make any other disposition of his property, etc., was based on an affidavit showing, among other things, that an execution was duly issued to the sheriff of the county of New York upon a judgment recovered by the respondent, and that

said sheriff has returned said execution wholly unsatisfied.   On the return day of the order the said apppellant appeared and obtained an adjournment of the proceedings, and on such adjourned day he submitted himself to an examination, and was accordingly examined.   The examination discloses the fact that, on the very day of his examination under said order, he had collected a claim of $1,000 due him from Cornell & Co. for a stone crusher which he had sold to them previous to the granting and service of said order for his examination, and that he disposed of the money so received by him by applying the same towards the paying of debts other than the claim of the respondent in this action.

Assuming that the proceedings for the appellant's examination were regular, and that the court had jurisdiction of the subject-matter as well as the person of the appellant, such a disposition of his property was clearly in violation of the injunction order, and rendered him liable to punishment as for a contempt of court; but the appellant, on the motion to punish him for such contempt, objected to the jurisdiction of the court, upon the ground that the execution which had been issued had not been returned at the time the order for his examination was obtained.   This objection, if tenable, is fatal to respondent's proceeding.   To entitle a judgment creditor to an order for the examination of a judgment debtor, he must proceed either under the provision of section 2435 of the Code of Civil Procedure or section 2436 of the Code of Civil Procedure.   Under the latter section he may examine a judgment debtor after the issuing of an execution against property, and before the return thereof, upon proof, by affidavit, that the judgment debtor had property which he unjustly refuses to apply towards the satisfaction of the judgment; whereas, under section 2435 of the Code, he may examine the judgment debtor after the return, wholly or partly unsatisfied, of an execution against property.·   The plaintiff procceded under section 2435 of the Code of Civil Procedure, and to confer jurisdiction upon the judge granting the order it was absolutely essential that the execution should have been returned unsatisfied, in whole or in part, previous to the granting of said order.   The fact, however, appears to be, as shown by appellant's affidavit in opposition to the motion to punish for contempt of court for a violation of said order, that said execution had not been returned by the sheriff at the time of the issuing of the order and examination of appellant. This being so, the order for appellant's examination as a judgment debtor in proceedings supplementary to execution was null and void, as the judge had no jurisdiction to grant the same.

The respondent, however, contends that, inasmuch as the judgment debtor appeared and submitted to an examination under said order, without objection, he thereby waived all objections to the regularity of the proceedings.   Ordinarily this would be so, but jurisdictional defects are not thus waived.   The distinction is this: Where a fact material to the jurisdiction really exists, though erroneously, or not all, set forth in the proof, or where a tribunal can have jurisdiction of a given subject-matter because all the essential facts for that exist, although the order or process bringing the same

before it may be erroneous, such defect may be waived by the adverse party, and is waived when he fails to object on that ground at the first opportunity, but submits to the direction of the officer who has, or assumes to take, charge of the proceeding. But, where a fact necessary to give a tribunal jurisdiction—as, in this case, viz. the return of an execution wholly or partly unsatisfied—does not exist, the defect cannot be waived; for consent cannot confer jurisdiction not vested by law. The objection can be taken at any time. Sackett v. Newton, 10 How. Prac. 560; Engle v. Bonneau, 2 Sandf. 679; Dudley v. Mayhew, 3 N. Y. 9; Beach v. Nixon, 9 N. Y. 35. It therefore follows that the order adjudging the appellant (judgment debtor) guilty of contempt of court for violating the said injunction order in supplementary proceedings, which, as has been shown, is null and void for want of jurisdiction, must be reversed.

Order appealed from reversed, without costs.