(7 App. Div. 523)

MOYER v. MOYER.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. SUPPLEMENTARY PROCEEDINGS — REFUSAL TO TRANSFER PROPERTY TO RECEIVER—CONTEMPT.

An affidavit by a receiver, reciting his appointment, and stating that he duly qualified and has ever since been the duly appointed, qualified, and acting receiver of the judgment debtor, and a statement, in the papers on appeal from an order punishing the debtor for contempt in disobeying an order that he transfer his property to the receiver, that a certified copy of the order appointing the receiver was served, but without stating by whom the order was granted, or from what source the certified copy came, does not show that the order or a certified copy thereof was filed in the office of the clerk of the county where the judgment roll in the action had been filed, as required by Code Civ. Proc. § 2468.

2. SAME—CONVEYANCE OF LAND TO RECEIVER—NECESSITY.

A conveyance by a judgment debtor to his receiver in supplementary proceedings of land owned by him is not necessary, as title to the land vests in the receiver as soon as the order appointing him is filed in the proper county.

3. SAME—EXHAUSTING REMEDY BY EXECUTION.

Supplementary proceedings cannot be resorted to until the creditor has exhausted his remedy by execution against the debtor's property.

4. SAME—EXEMPTIONS.

An order in supplementary proceedings directing the debtor to transfer all his property to the receiver is not valid, where it does not except such property as is exempt from execution.

5. APPEAL—ORDER ENTERED BY DEFAULT—SUPPLEMENTARY PROCEEDINGS.

A receiver in supplementary proceedings moved, on notice to and appearance by the debtor, to compel the debtor to transfer his property, and obtained an order giving the debtor, or any person holding a subsequent lien on the debtor's land, 20 days in which to pay the judgment, and in case of default in such payment that the motion should be granted. Afterwards the receiver, without notice to the debtor, obtained an order that the motion theretofore made be granted, and directing the debtor to transfer his property to the receiver. Held, that the last order was not one taken by default, so as to preclude an appeal therefrom, but was an ex parte order.

6. SAME—TIME OF SERVING NOTICE—INTERMEDIATE ORDER.
    The requirement that notice of appeal must be served within a certain
    time after entry of judgment or order appealed from does not apply to
    intermediate proceedings which the notice states will also be brought up
    for review on the appeal.
7. SUPPLEMENTARY PROCEEDINGS—RIGHT TO MAINTAIN—RETURN OF EXECUTION.
    In a proceeding to punish a judgment debtor for contempt in disobeying
    an order to transfer his property to the receiver, the sheriff's return on
    the execution issued on the judgment is not conclusive.

Appeal from special term, Onondaga county.

Action by Nancy Moyer against George Moyer, impleaded with
Jacob Moyer. From an order directing defendant George Moyer to
deliver to Reuben A. Crandall, a receiver, appointed in supple-
mentary proceedings, of said defendant's property, and to convey to
said Crandall, as receiver, all his real estate, which said defendant
refused to do, whereupon the court adjudged him guilty of contempt,
and that he pay a fine to said receiver to satisfy the costs and ex-
penses of proceedings, that he be committed to the county jail until
such fine shall be paid, and until he execute and deliver to said re-
ceiver an instrument and conveyance transferring all his personal
and real property to said receiver, defendant George Moyer appeals.
Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

John J. Lamoree, for appellant.
O. M. Reilly, for respondent.

WARD, J. The defendants George Moyer and Jacob Moyer, on
the 11th day of January, 1892, were the owners in fee of about 65
acres of land in the town of Schroeppel, Oswego county; George
Moyer owning five-sixths interest therein, and Jacob Moyer one-
sixth interest, being the remainder. On the date aforesaid the plain-
tiff obtained a judgment against the defendants for $630.32, and on
the 18th of January, 1892, an execution was issued to the sheriff of
Oswego county against the defendant George Moyer, which, it ap-
pears, was returned by the sheriff wholly unsatisfied. Thereupon
proceedings supplementary to execution were instituted against the
defendant George Moyer, and afterwards, and upon personal notice
to him, a receiver was appointed, on or about the 22d day of May,
1893; such receiver being Reuben A. Crandall, of Phœnix, N. Y.
The order appointing the receiver was made by W. Becker, special
surrogate of Oswego county. On the 14th of July, 1894, the Onon-
daga special term of this court, at Syracuse, made an order, upon no-
tice, and upon appearance by the receiver and the defendant, upon
the motion of the receiver to compel the defendant to turn over and
convey his property to the receiver, that the defendant have 20 days
in which he, or his attorney, or any person holding a subsequent lien
upon the lands of the defendant could pay the amount of the judg-
ment upon which the supplementary proceedings therein were in-
stituted, and in case such payment should be made the plaintiff to
assign her said judgment to the persons paying such sum; that in

case default should be made in such payment, then the said receiver's motion should be granted with $10 costs of motion. On the 1st day of September, 1894, the special term in Onondaga county, upon the application of the attorney for the receiver, upon proof that the last-mentioned order had been complied with, without notice to the defendant, ordered that the motion made by the receiver on the 14th of July aforesaid be granted, and that the defendant, upon personal service upon him of the copy of the order made on the 1st day of September aforesaid, and notice of the entry thereof in Oswego county clerk's office, surrender possession to the receiver of all his real estate and personal property, and transfer and convey to the receiver all the real estate which he (the defendant) owned and had title to on the 11th day of January, 1892. On the 20th of October, 1894, the special term of Onondaga county, upon an order obtained by the defendant to show cause why the last-mentioned order should not be vacated, upon the hearing of the parties, ordered that the motion be denied, with $10 costs. On the 9th day of March, 1895, the Onondaga county special term made a final order, upon the motion of the receiver, and upon the appearance of the parties, to punish the defendant for contempt in not obeying the ex parte order of September 1st aforesaid, and adjudged the defendant guilty of contempt of court in refusing to obey such order, and in refusing to deliver up possession of his real estate to the receiver, and in refusing to transfer to him his personal property, and in refusing to convey to the receiver his real estate, which he owned and had title to on the 11th day of January, 1892, and in refusing to execute, acknowledge, and deliver to said receiver an assignment and conveyance, as directed by said order of September 1st, and that the defendant be fined $70 for costs, and that he be committed to the jail of Oswego county until such fine was paid, and until he executed and delivered the conveyance and assignment presented to him by the receiver, Reuben A. Crandall, on the 21st of January, 1895, a copy of which was annexed to the order. That was a paper in the form of a conveyance and transfer, referring to the order of September 1st, and reciting that, in obedience to such order, the defendant granted, assigned, and transferred to such receiver all his lands and real estate, wheresoever the same are situate, which belonged to or was held in trust for the defendant, or in which he had any right, title, or interest on the 11th day of January, 1892; also, all his personal property,—to have and to hold the same unto the said receiver, as such, subject to the control and direction of the officer appointing the receiver, and of any court having jurisdiction of the premises. This instrument was under seal, with an acknowledgment prepared, and was tendered to the defendant prior to the granting of the order of September 1st, and its execution demanded by the receiver and refused by the defendant. The order of March 9th contained the recital that it appeared to the court that the said George Moyer had the legal title to certain real estate, and was the owner and in possession of certain personal property, at the time said receiver was appointed. It appeared, also, uncontradicted, in the papers upon which this last order was granted, that at and from the entry of

judgment, and at the time of the appointment of the receiver, and continuously to the granting of the said order, the defendants George and Jacob Moyer were the owners of the said real estate of 65 acres, upon which the plaintiff's judgment was a lien, and which was liable to levy and sale upon execution, and of the value of from $2,800 to $3,000, upon which there was an incumbrance of only $1,000 prior to the plaintiff's judgment. It also appeared that the defendant George Moyer was a married man, having a family residing in Oswego county; that the plaintiff and her attorney were aware, at the time the plaintiff's judgment was obtained, and subsequently thereto, that the defendants were such owners; that the defendant Jacob Moyer seemed to be acting with the plaintiff to force the collection of the said judgment out of the defendant George Moyer, through means of supplementary proceedings; and that the attorney of the plaintiff obtaining such judgment had declared, in effect, that the said Jacob Moyer was his client, and he intended to protect him in the premises. The defendant seasonably and duly appealed from the last-mentioned order of March 9, 1895, and in his notice of appeal stated that he intended to bring up for review upon such appeal the order made at special term September 1, 1894, and all proceedings taken thereunder, including an order to show cause why the same should not be vacated and set aside or modified, upon affidavits made and served, and the order thereunder denying such relief.

Though not referred to in the points submitted upon this appeal, we find ourselves confronted with the difficulty that it nowhere appears from the record that the order appointing the receiver has been filed in the office of the clerk of the county of Oswego, where the judgment roll in the action had been filed, and where the real property of the defendant was situated, or any certified copy of such order, as required by section 2468, Code Civ. Proc., before the property, real or personal, of the defendant could vest in the receiver. It is true that the affidavit of the receiver states that he was appointed by the special surrogate of Oswego county, and that he duly qualified as such receiver, and has ever since been the duly appointed, qualified, and acting receiver of the property of the said George Moyer. This is simply stating a conclusion. There is a statement in the papers that a certified copy of the order appointing the receiver was served, etc., but by whom granted or from what source the certified copy came does not appear. The jurisdictional facts are not given, and in the proceedings to punish for a contempt every jurisdictional fact necessary to support the proceedings must affirmatively appear. The objection here suggested is fatal to the orders appealed from, because, unless the property of the defendant has vested in the receiver by the filing of the order appointing him in the proper county, he has no claim to that property, or title to it, and the court can make no order transferring it to him. Kimball v. Burrell (Sup. Gen. Term, 2d Dep.) 14 N. Y. St. Rep. 536.

But, assuming that the fact of the filing of such order in the proper county had appeared, the respondent must meet another dif-

ficulty of a formidable character in the fact that, if absolute title had vested in the receiver in the real estate of the defendant, there was no necessity for a conveyance of the real estate from the defendant to the receiver, and we have been referred to no statute authorizing such a conveyance. Section 2447, Code Civ. Proc., provides that the judge by whom the order or warrant was granted or to whom it is returnable may, in his discretion, upon such notice given to such persons as he deems just, or without notice, make an order directing the judgment debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that case, to the receiver. This is the only statutory authority authorizing the transfer of property to the receiver from the judgment debtor in proceedings supplementary to execution. We do not lose sight of the fact that the order appealed from was made by the court, and not by a county judge, and that the court may do what the county judge has not the power to do; but the consideration of that question is not necessary to the disposition of this case.

We are referred to cases which arose under the Code of Procedure. Under that Code it was in the power of the judge to order any property of the judgment debtor not exempt from execution to be applied towards the satisfaction of the judgment (section 297), and under that Code the case of Fenner v. Sandborn, 37 Barb. 610, and kindred cases were decided. This section of the Code, with others, was repealed by chapter 417 of the Laws of 1877, and the Code of Civil Procedure supplies all of the provisions now relating to proceedings supplementary to execution as such. Smith v. Tozer, 42 Hun, 24. In Bank v. Martin, 49 Hun, 571, 2 N. Y. Supp. 315, decided in the Fifth department, general term, in 1888, the defendant in the judgment was the owner of a house and lot in Canandaigua liable to execution at the time supplementary proceedings were instituted against him, and a receiver therein was appointed. The county judge of Ontario county made an order that the defendant convey such real estate to the receiver. Judge Haight, delivering the opinion, held that the power conferred upon the judge under section 2447 of the Code of Civil Procedure was limited to the personal property of the judgment debtor; that, as to the real estate, there was no power to compel such a conveyance in the county judge, and there was no necessity for it, as the title to the real estate vested in the receiver under the Code by operation of law. That such title vests by operation of law, and a conveyance is unnecessary and improper, is sustained by Manning v. Evans (by the general term of the old Fourth department, by Judges Smith, Talcott, and Hardin) 19 Hun, 500. To the same effect is Wing v. Disse, 15 Hun, 190, and Kimball v. Burrell, 14 N. Y. St. Rep. 536, where the court, Barnard, P. J., forcibly states:

"If the order is filed [appointing the receiver], then by the terms of the section [2468, Code Civ. Proc.] the title of the debtor in the real estate becomes absolutely vested in the receiver, and no deed is needed, and no power is

given to compel one. The receiver's rights are perfect, and he represents the creditor in the action in which he was appointed, and can file his complaint to set aside the judgment against the administrator as fraudulent and collusive. A deed will give no greater right than is given by the statute."

We are referred to In re Crane, 81 Hun, 96, 30 N. Y. Supp. 616, where the general term of the Fifth department held that the court had power at special term to direct the transfer by the judgment debtor to the receiver in supplementary proceedings of a land contract and certain books of account, that the county judge had the same power, and the exercise of that power was proper. There, be it observed, the property transferred was personal, with the exception of the land contract, and the possession of that identical paper in the receiver was necessary as evidence of his title thereto,—a very different case from where the title to real estate, as in the case at bar, is a matter of record, and can be reached by execution.

The appellant presses upon our consideration the point that the order appealed from should not have been granted because of the clear and perfect remedy that the plaintiff had to collect her judgment by the ordinary process of levy and sale of the real estate of the defendant by execution. The bald case seems to be presented here of a deliberate attempt to avoid the primary process of collecting the debt and resort to the supplementary proceedings. Of this the special term was made aware by the papers upon which the orders appealed from were granted, and no doubt can exist of our right to review these orders upon this phase of the case. Westbrook, J., in Bank v. Gaynor, 67 How. Prac. 421–423, pithily says:

"The owner of a judgment which is a lien upon real estate seeks to obtain possession of the real estate through a receiver appointed in supplementary proceedings without sale under the judgment. This cannot be done, for it would be a practical repeal of the statutes providing for the sale of real estate under a judgment,"—citing Bunn v. Daly, 24 Hun, 526; Tinkey v. Langdon, 13 Wkly. Dig. 384.

The statutes relating to these proceedings (supplementary to execution) and to the sale of real and personal property on execution are in pari materia, and must be construed together. Bunn v. Daly, supra; Mason v. Hackett, 35 Hun, 241; Wing v. Disse, 15 Hun, 190. And Haight, J., in Bank v. Martin, 49 Hun, at page 573, 2 N. Y. Supp. 315, says that proceedings supplementary to the execution are not intended to take the place of or be a substitute for the execution, and proceeds:

"The judgment is a lien upon the house and lot in the village of Canandaigua, which has not been sold. The plaintiff has a right to sell these premises upon the execution, and until it has exhausted its remedy by execution these proceedings are not available. If the plaintiff should be permitted to procure the appointment of a receiver, and thus vest the title of the real estate of the judgment debtor in such receiver, it could be sold and the judgment debtor deprived of the right of redemption which is given to him in case of the sale by execution. It was the duty, therefore, of the plaintiff, to have caused the house and lot to be sold on execution, thus exhausting its remedy by execution before resorting to those proceedings."

It will be observed, in that case, that the receiver in supplementary proceedings had already been appointed; but the condemnation there pronounced, although the title may have passed to the

receiver upon the filing of the order of his appointment in the proper county, is against the court lending its aid to this method of reaching the debtor's property when an execution was available, and was the proper remedy.

The defendant also claims that the order adjudging him in contempt should be set aside because it directs the transfer of all of his personal property, whereas, the defendant having a family and being a householder, he was entitled to certain exempt property, under the statute of exemptions, which could not be taken away from him, and which is preserved to him by section 2463, Code Civ. Proc., which provides that the chapter on supplementary proceedings "does not authorize the seizure of or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution." This objection appears in the papers used at special term, and may be considered here. There is much force in this objection, and it seems to be well taken.

The learned counsel for the respondent makes the objection that we cannot consider the order of September 1, 1894, directing the defendant to execute the assignment of the real and personal estate, because that order was taken by default, and no appeal lies from an order taken by default. It is true this order was ex parte, and hence liable to the objection pointed out in Reed v. Champagne, 5 Wkly. Dig. 227, where the court held that the order adjudging the defendant in contempt must stand on the validity of the order directing the assignment, and that such an order could not be made ex parte. In such a case there was no jurisdiction of the person of the defendant, and he was not bound to obey the order as it was void. But was this, strictly speaking, an order taken by default? Such an order implies that the defaulting party had notice of the application therefor and has failed to appear. There is nothing in the record to indicate that there was any notice given to the defendant of the application for this order. It is true that, in the order of July 14, 1894, above referred to, it was provided that, unless the defendant availed himself of the privileges of that order, the motion to compel the defendant to transfer his property to the receiver should be granted; but this did not empower the receiver, upon making proof of the default of the defendant in complying with the conditions of the July order, to take the further order, which he secured in September, without notice to the defendant, because the defendant was entitled to an opportunity before such order was made to be heard upon the question whether he had complied with the order of July 14th or not, and therefore the September order was not an order taken by default, but an ex parte order, coming within the condemnation of Reed v. Champagne, supra.

By section 1358, Code Civ. Proc., it is provided that:

"An appeal authorized by this title brings up for review any preceding order made in the course of the special proceedings involving the merits and necessarily affecting the final order appealed from which is specified in the notice of appeal."

As before said, the notice of appeal from the order adjudging the defendant in contempt brought up for review the order of September

1st and the order denying the motion to vacate, set aside, or modify it, which was the order of October 20, 1894, above referred to. So that all the questions we need to consider concerning the last-mentioned order, the order of September 1st, and that of March 9th adjudging the defendant in contempt, are before us by force of the statute quoted.

The respondent makes the further objection that the orders of October and September cannot be reviewed here because the notice of appeal as to such orders was not served within the time prescribed by statute. There is no such limitation in the section of the Code imposed upon the consideration of the orders prior to that of March 9th. The object of permitting these prior orders to be considered in connection with the one actually appealed from is to bring before the court, not only such order, but all orders upon which it is based, referred to in the notice of appeal, and the subject-matter of those orders is consequently clearly before us.

The respondent makes the further objection that we are concluded, by the sheriff's return upon the execution, upon the question whether the defendant had property liable to sale upon execution, and that it must be presumed that the sheriff did his duty, and if the sheriff made a false return the defendant has his remedy, etc. This principle does not apply here, where the court is reviewing the proceedings of its own officer, and determining whether it shall compel the collection of a debt through supplementary proceedings by a receiver, who is also its officer, and under its control (section 2471, Code Civ. Proc.), when the statute has provided that, in a case such as is under consideration, it should be done by execution, where the defendant should have the right to redeem his property from a sale under an execution within a certain period, if such sale were had. Though the sheriff has returned the execution unsatisfied, the record in this case discloses that such return was false, and we are not concluded by it. More than that, there is strong evidence in the record that the return of this officer was for the purpose of exonerating one of the defendants in the judgment, and collecting the debt out of the other defendant, by the direction of the plaintiff's attorney, through the means of supplementary proceedings. This court will not refuse justice to an appellant because it may be technically barred by the mistaken or collusive acts of one of its officers. Indeed, the very order of March 9th, appealed from, as we have said, contains the statement that the said George Moyer had the legal title to certain real estate and was the owner and in possession of certain personal property at the time the receiver was appointed.

We deem it unnecessary to consider the other objections raised by the defendant, as they were without merit.

The order appealed from should be reversed, with $10 costs, and the disbursements of the appeal. All concur.