### FIRST NAT. BANK OF ALBANY v. CLARK.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—ORDER—AFFIDAVIT—SUFFICIENCY.

Where an affidavit for an order requiring a judgment debtor to appear and be examined concerning his property contains a general statement that defendant has certain real estate, which upon demand he has unjustly refused to apply to the satisfaction of the judgment, but does not state the facts and circumstances showing the refusal to be unjust, it is insufficient.

Appeal from special term, Delaware county.

The First National Bank of Albany obtained an order requiring Joseph H. Clark to appear before a referee and be examined concerning his property. Order vacated, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, SMITH, and KELLOGG, JJ.

Buchanan & Lawyer, for appellant.
James R. Baumes, for respondent.

MERWIN, J. On the 9th day of March, 1900, the plaintiff duly obtained against the defendant a judgment for the sum of $7,794.72, and a transcript thereof was on the 12th March, 1900, duly filed in the office of the clerk of the county of Delaware, in which county the defendant resided, and still resides. An execution against the property of the defendant was on the 13th March, 1900, duly issued upon the judgment, and delivered to the sheriff of Delaware county. On the 5th April, 1900, the plaintiff obtained from a justice of the supreme court an order, under section 2436 of the Code of Civil Procedure, requiring the defendant to attend before a referee at a named time and place, and be examined concerning his property. The affidavit upon which the order was granted stated the foregoing facts, and also stated that the execution had not been returned; that the judgment was wholly unsatisfied; that the defendant was the owner of certain real property situated in that county, which was applicable to the payment and satisfaction of the judgment; that a demand in behalf of the plaintiff had been made of the defendant that he apply the said property to the payment and satisfaction of the judgment, but that he unjustly neglected and refused, and still unjustly neglects and refuses, to apply the same, or any part thereof, upon the judgment. This order having been duly served on the defendant, he made a motion at special term to set it aside. This motion was granted, and the plaintiff appeals.

The question upon this appeal is whether or not the affidavit upon which the order was granted was sufficient to justify the granting of the order. It contained only the general statement that the defendant had certain real estate which upon demand he unjustly refused to apply towards the satisfaction of the judgment. No facts or circumstances are stated from which it may be determined whether or not there has been an unjust refusal. Such a statement is, as a rule, necessary. 3 Rum. Prac. 412; Bank v. Wilson, 13 Hun, 232. The ordinary remedy of the judgment creditor as to real estate is

to sell it upon execution. That remedy was available here, and nothing is shown to indicate that any examination of the defendant was necessary, in aid of that remedy. We are not referred to any authority holding that the judgment debtor must, upon demand, transfer his real estate to his judgment creditor. The authorities are in the other direction. Sackett v. Newton, 10 How. Prac. 560; Bank v. Martin, 49 Hun, 573, 2 N. Y. Supp. 315; Bunn v. Daly, 24 Hun, 526; Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258.

We are of the opinion that the special term did not err in holding that the affidavit was insufficient to show the unjust refusal required to be shown in order to entitle the plaintiff to the order.

Order affirmed, with $10 costs and disbursements. All concur.