(36 Misc. Rep. 174.)

### KREISER v. KITAOKA.

(Supreme Court, Appellate Term. October, 1901.)

WILLFUL CONTEMPT—PUNISHMENT.

    A judgment debtor under examination in supplementary proceedings failed to appear on the adjourned day because he believed the proceedings to have been stayed by an order of a court in bankruptcy. No pecuniary loss was shown by the creditor, caused by the failure to appear. *Held,* that a fine of $250 and $50 costs, as for a willful contempt, would be set aside as excessive.

Appeal from city court of New York, general term.

Action by Bernard Kreiser against Yoshizo Kitaoka. From an order of the general term (72 N. Y. Supp. 1114) affirming an order of the special term finding defendant guilty of contempt, he appeals. Modified.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Stern, Singer & Barr (William J. Barr, of counsel), for appellant. Fromme Bros. (James A. Douglas, of counsel), for respondent.

PER CURIAM. While the defendant might have successfully assailed the order for his examination in supplementary proceedings upon the ground that the property defendant refused to apply upon the judgment was subject to levy and sale upon execution, and that the plaintiff did not need any order in aid thereof (Sackett v. Newton, 10 How. Prac. 560; Manken v. Pape, 65 How. Prac. 453), the defendant was, nevertheless, bound to appear upon the day to which the proceedings had been adjourned by his counsel, and the failure to appear upon that day was disobedience to the order, and, constructively, at least, contempt of court. The defendant evidently intended not to disrespect, for, having obtained an order

from the bankruptcy court staying the plaintiff's proceeding, he evidently believed that the function of the state court had come to an end. But the order was not served in time to prevent the default of the defendant to be noted, and, being in default, the bankruptcy court modified its stay by allowing the proceedings to punish for contempt to proceed to a hearing. This meant that the city court might fine or imprison, if either was proper under the circumstances. The court imposed a fine of $250 and allowed $50 costs. The $250 imposed was the extreme limit of the law, no loss or damage having been proven. There was no adjustment of the items of the cost, but the $50 is imposed as a lump sum. We think that under the circumstances the fine, aggregating $300, was excessive against the bankrupt defendant, and was imposed on the erroneous theory that the contempt was willful, when it evidently was not, and that pecuniary loss had followed, and there was no proof of that.

The order must be reversed, unless the plaintiff within 10 days stipulates to reduce the amount to $50 and $10 costs. In that case the order as modified will be affirmed, without costs in this court or in the court below.

Order reversed, unless plaintiff within 10 days stipulates to reduce amount of fine to $50, with $10 costs. In that event, order as modified affirmed, without costs in this court or court below.