### STEENBERGE v. LOW et al.

(Supreme Court, Special Term, Franklin County. December, 1904.)

1. TENANCY BY ENTIRETY.

A husband and wife who are tenants by the entirety occupy as tenants in common during their joint lives.

2. SUPPLEMENTARY PROCEEDINGS—REAL ESTATE OF JUDGMENT DEBTOR—TITLE OF RECEIVER—PARTITION.

Code Civ. Proc. § 1441, gives a judgment debtor whose realty has been sold under execution the right to redeem within a year, and to occupy the premises during that time. Section 2468 provides that on filing a copy of the order appointing a receiver in supplementary proceedings, title to real property of the judgment debtor in the county where the copy of the order is filed shall vest in the receiver; and section 2463 declares that no property exempt from execution shall be reached in supplementary proceedings. *Held*, that a debtor's interest in land held by him as tenant by the entirety being subject to execution, so as to entitle the debtor to redeem and enjoy the exemption of one year's occupation, does not vest in the receiver in supplementary proceedings, so as to entitle him to maintain partition.

Action by Frank S. Steenberge, as receiver, against Harriet Low and another. Complaint dismissed.

John P. Kellas, for plaintiff.
Frederick G. Paddock and John S. Bizel, for defendants.

JOHN M. KELLOGG, J. The plaintiff, as receiver in supplementary proceedings of Leslie W. Low, brings this action to recover certain real estate which was devised to the·defendants, Leslie W. Low and Harriet Low, his wife, "for and during their natural lives and the natural life of the survivor of them," contending that the defendants are tenants by the entirety, and the husband had the sole right of possession during their joint lives, and that he has succeeded to that right. The authorities in this state hold to the contrary—that a husband and wife who are tenants by the entirety occupy as tenants in common during their joint lives. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Grosser v. City of Rochester, 148 N. Y. 235, 42 N. E. 672. It follows, therefore, that the defendant Harriet Low was lawfully in possession of the undivided one-half of the premises, and, when a demand was made upon her for the whole, she rightly refused the same. The husband living with her upon the premises, and having asserted no right hostile to the plaintiff's rights, if he had any, an action of ejectment cannot be maintained against either the husband or the wife.

The plaintiff, as receiver, cannot maintain this action on the theory that it is brought to partition the premises. The law has provided a sale by execution as the ordinary legal remedy by which the creditor may realize his debt from the property of the debtor, and in the nature of an exemption, and upon grounds of public policy, it has given the debtor, after the sale of his real estate, a year in which to redeem, and has provided that until the sheriff's deed is given he may have the use and enjoyment of the property so sold. In other words, the right to redeem and a temporary possession are exempted from the sale. They thus become property exempt from levy and sale upon execution. Code Civ. Proc. § 1441. Proceedings supplementary to execution were not devised to change or defeat the ordinary remedy by execution, or to deprive the debtor of the right given him to enjoy temporarily his real property after it is sold upon execution, but is intended as an equitable remedy more in the nature of a creditors' bill to reach property which, from its nature, or from the fact that it is out of the jurisdiction, or that it is hidden or in some way covered up, cannot effectually be reached by an execution. It is provided that no property expressly exempt from sale under an execution shall be reached in supplementary proceedings. Code, § 2463. Here the debtor's interest in the property is subject to sale on execution, and, if he is now put out of possession by the receiver, his right of redemption and right of enjoyment during 15 months, which the law gives him, is taken away from him. The provisions of the Code of Civil Procedure relating to executions and supplementary proceedings must be read together, and considered as a harmonious scheme provided to reach the debtor's property which ought to be applied upon the debt, the execution being the ordinary remedy for the collection of the debt, the other an extraordinary remedy provided to reach property which the execution cannot reach, but not property which by express provision of law is saved from the effect of the execution. And the receiver ought not to be able to get possession from the debtor during the time which the statute has given him in which to redeem from an execution sale. Otherwise, while the section gives the right of redemption and the possession until the deed is given, this right intended for the benefit of the poor debtor may be entirely defeated by using another remedy which is called an "equitable" one, and which was never intended to bring about any such result. In Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258, an order adjudging a defendant in contempt for not conveying real estate within his jurisdiction to the receiver was reversed, the court citing with approval Westbrook, J., in Albany City National Bank v. Gaynor, 67 How. Prac. 421–423:

"The owner of a judgment which is a lien upon real estate seeks to obtain possession of the real estate through a receiver appointed in supplementary proceedings, without a sale under the judgment. This cannot be done, for it would be a practical repeal of the statute providing for the sale of real estate under a judgment."

Citing Bunn v. Daly, 24 Hun, 526; Tinkey v. Langdon, 13 N. Y. Wkly. Dig. 384.

Some confusion may be found in the earlier cases, arising from the different constructions put upon section 2458 of the Code of Civil Pro-

cedure, which regulates the time when the receiver is vested with the real property of the judgment debtor; but it seems now to be recognized as the correct rule that the receiver is not vested with any real title to the real estate of the judgment debtor within the jurisdiction, but only has a certain claim upon or right to it for the purpose of satisfying the debt, the court saying in National Bank v. Bussing, 147 N. Y. 665, 670, 42 N. E. 345, 346:

"It is true the Code of Civil Procedure, § 2468, provides that on filing the order appointing the receiver, or a certified copy, in the county where the property is situated, the real property is vested in the receiver. This section, however, is to be read and construed in connection with the other provisions of the statute, and cannot be taken literally. It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution, and takes no such absolute title to real estate as would enable him to sell it when it is subject to the lien of judgments and can be sold under executions issued thereon in the manner pointed out by statute and subject to all rights of redemption. The receiver's title to the real estate is a qualified one in the nature of a security for the plaintiff in the judgment; it does not divest the debtor of the legal title, but the latter's conveyance of the premises would be subject to the claim of the receiver."

Any title or interest which the receiver has in the real estate of the debtor ceases upon payment of the debt, upon the debt ceasing to be a lien upon real estate, or upon the property having been sold by virtue of an execution and sheriff's deed given. Chadeayne v. Gwyer, 83 App. Div. 403, 82 N. Y. Supp. 198. He is not in any sense a tenant for life or years, but his estate, if he has one, may be terminated at any time during the lifetime of the life tenant. He has not, therefore, such an interest in the property as is required by section 1532 of the Code of Civil Procedure for the partition of real property. He does not take the debtor's title, nor does he take any right in the real estate of the debtor which the law recognizes that he may keep and enjoy notwithstanding an execution against his property. Where real estate is covered up by pretended sales, or out of the jurisdiction, or so situated for any reason that it cannot be sold upon execution, undoubtedly the receiver takes such a title as to enable him to enforce his claim upon it to realize the debt. But where the real estate is within the jurisdiction and may be reached by execution, the receiver takes no title or interest in the premises which cannot be sold by execution. The right of redemption, the right to enjoy the premises until the sheriff's deed is given, are secured to the debtor by law, were not intended as a means of paying the judgment, and therefore no title or interest in them passes to the receiver. So far as this action is of an equitable nature, it is an appeal to the equitable discretion and conscience of the court, and the court is not moved to enforce a claim of the receiver to property which the law preserves to the debtor after his property has been sold on execution. Even though the receiver may be said to have some interest in these premises, notwithstanding the fact that there has been no effort to sell them upon execution, he can get no relief in a court of equity, but must be driven to his legal remedy. The law has provided him a remedy, and until he has exhausted that he is not recognized in a court of equity. "A court of equity will never appoint a receiver for the purpose of doing for the creditor what he may do for himself."

I. & T. N. Bank v. Quackenbush, 143 N. Y. 567, 572, 38 N. E. 728, 729:.

I hold, therefore, that the plaintiff cannot maintain an action of eject‧ment or for the partition of the premises, and has no right in this property, except so far as he seeks to collect the judgment upon which he was appointed receiver, and, the law having provided a proper remedy for that purpose, until that remedy is exhausted he can have no relief here.

The complaint is therefore dismissed, with costs.