(51 Misc. Rep. 592.)

### GARCIA et al. v. MORRIS.

(Supreme Court, Appellate Term.　November 14, 1906.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

Where an affidavit for an order for the examination of a judgment debtor in aid of an execution was made by the creditor's attorney, and was based, as to the allegation that defendant had property, etc., wholly on information and belief, but neither stated the grounds of the belief nor the sources of affiant's information, it was fatally defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1113.]

2. SAME—OWNERSHIP OF PROPERTY.

An affidavit for the examination of a judgment debtor in aid of an execution was made by the creditor's attorney on information and belief, alleging that the debtor had property consisting of a stock of goods and money which he unjustly refused to apply in payment of the judgment. The source of affiant's information as to the possession of the property was alleged to be a statement, made to affiant by one of the plaintiffs at the "commencement of the action," that the debtor was the owner of the property mentioned, and that since that time he had assigned the same to his son; also a statement made to affiant by plaintiff's salesman to substantially the same effect, and, as to the money, that affiant's information was based on an offer of the debtor's counsel to settle the judgment by a payment of 50 cents on the dollar. *Held*, that such facts were insufficient to show that the debtor had either money or property at the time the order was applied for.

3. SAME—REMEDY—RIGHT TO RELIEF.

It is only where a judgment creditor can prove to the satisfaction of the judge that his debtor has property not subject to levy, or which is so kept by the debtor that it cannot be clearly identified or with ordinary diligence reached by execution, that an order may be granted for the examination of the debtor in aid of the execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1113.]

4. SAME—DEMAND.

Where an affidavit for examination of a judgment debtor in aid of an execution alleged the making of a demand on the judgment debtor to apply certain property to the satisfaction of the judgment, and his neglect and refusal so to do, but failed to state any facts or circumstances from which it could be determined whether such refusal was unjust, or whether the creditor's remedy by execution was not adequate, it was fatally defective.

Appeal from City Court of New York, Special Term.

Proceeding by Carlos Garcia and another for the examination of Aaron Morris, a judgment debtor, in aid of execution. From an order denying the latter's motion to vacate the order, Morris appeals. Reversed, and motion to vacate granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Rosenberg & Greenberg, for appellant.

Wilbur F. Earp, for respondent.

DOWLING, J. Upon an affidavit setting forth the rendition of a judgment in favor of the plaintiffs herein against the defendant, the filing of the judgment roll, the issuance of an execution to the sheriff of this county, that the same had not yet been returned, and the allegation that "said judgment debtor had property, consisting of stock of goods, principally cigars and tobacco, and money, which he unjustly refuses to apply to the satisfaction of said judgment, as deponent is

informed and believes," and the further statement that, "after the issuing of the said execution a demand was made by said sheriff upon said judgment debtor to apply said property to the satisfaction of said judgment, and he has neglected and refused to do so," an order was made requiring the debtor to be examined regarding his property. A motion was made to vacate such order upon the ground of the insufficiency of the affidavit upon which the order was granted, which motion was denied, and from the order denying such motion the debtor appeals.

The affidavit upon which the order was granted is clearly defective. It is made by plaintiff's attorney, and is based, as to the allegation that the defendant has property, etc., wholly upon information and belief. Neither the grounds of the belief nor the sources of the information are given. Even if we assume that an averment in the language of the statute is sufficient (First Nat. Bank v. Wilson, 13 Hun, 232), it does not comply with that, as there is no positive allegation that the debtor had property. Upon the hearing of the motion the judgment creditor was permitted to file an additional affidavit intended to cure the defects in the first. The second affidavit, however, fails to supply the essential elements required to authorize the granting of the order for the debtor's examination. The source of information as to the possession of property by the debtor is an alleged statement, made to the affiant by one of the plaintiffs, that at the "commencement of the action upon which the proceeding was predicated" the debtor was the owner of the property mentioned, and that since that time the debtor had made an assignment or pretended assignment of such property to the debtor's son, and also an alleged statement made to affiant by a salesman of the plaintiffs to substantially the same effect. As to the money stated to be in the debtor's possession, the affiant's information is based upon an offer of the debtor's counsel to settle the judgment by a payment of 50 cents on a dollar. Instead of these facts showing that the debtor had property, they tend to show that he had transferred the same by assignment to his son, and not that he had property which he could apply in payment of the judgment. "Where the evidence does not show that the defendant has any property free from the claims of third persons, the order should not be granted." Owen v. Dupignac, 17 How. Prac. 512.

As to whether or not the debtor had any money which he refused to apply on the judgment, the offer of settlement made by his attorney affords no evidence whatever. If, on the other hand, the defendant had tangible property, the creditor must exhaust his remedy under the execution. It is only where the creditor can prove to the satisfaction of the judge that the debtor has property not subject to levy, or which is so kept by the debtor that it cannot be clearly identified and with ordinary diligence reached by execution, that the order may be granted. Sackett v. Newton, 10 How. Prac. 560. As to the allegation of a demand upon and refusal by the debtor, that is equally defective. "Where the affidavit does not state any facts or circumstances from which it may be determined whether such refusal was unjust, or whether the creditor's remedy by execution is not adequate, it is insufficient." Matter of First Nat. Bank, 52 App. Div. 601, 65 N. Y. Supp. 439.

Order denying motion to vacate order reversed, with $10 costs and disbursements, and motion to vacate order for examination of judgment debtor granted, with $10 costs. All concur.