(56 Misc. Rep. 47)

## CARBONATING APPARATUS CO. v. BENNETT.

(Supreme Court, Special Term, Kings County. July, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—GROUNDS.

An affidavit for an order for the examination of a judgment debtor was in the express language of Code Civ. Proc. § 2436, that the judgment debtor "has property which he unjustly refuses to apply towards the satisfaction of the judgment." Affidavits on a motion to set aside such order stated that the property, which the debtor was alleged to have had, had already been seized by the sheriff, in reply to which affidavits stated that the sheriff for some unexplained reasons refused to collect the judgment. *Held*, that though an affidavit in the language of section 2436 was sufficient to give jurisdiction, and the omission to state the facts from which it might be determined whether there was an unjust refusal by the debtor

was a defect which might be waived or cured by amendment, yet the affidavits were insufficient to sustain the order; the affidavits in reply not showing an unjust refusal.

Action by Carbonating Apparatus Company against William H. Bennett. Motion to set aside an order of examination in aid of execution, under Code Civ. Proc. § 2436. Motion granted.

Robert Godson, for the motion.
John C. Judge, opposed.

SCUDDER, J. To entitle a judgment creditor to an order for the examination of the judgment debtor before the return of execution,. under Code Civ. Proc. § 2436, he must show by affidavit or other competent written evidence "that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment." A judgment debtor is not required to turn over property to satisfy a judgment, where the property may readily be levied upon by the. sheriff on execution. Supplementary proceedings in aid of execution in such a case are unnecessary. It is only where the creditor can prove to the satisfaction of the judge that the debtor has property, not subject to levy, or which is so kept by the. debtor that it cannot be clearly identified and with ordinary diligence be reached by execution, that the motion may be granted. Garcia v. Morris, 51 Misc. Rep. 592, 594, 101 N. Y. Supp. 253; Sackett v. Newton, 10 How. Prac. (N. Y.) 560. An order for such examination may be assailed upon the ground that the property defendant refused to apply upon the judgment was subject to levy and sale upon execution. See Kreiser v. Kitaoka, 36 Misc. Rep. 174, 73 N. Y. Supp. 164.

The affidavit upon which the order for examination was obtained merely states, in reference to the property of. the judgment debtor, "that said judgment debtor has property, consisting of a drug store at 1299 Fulton street, Brooklyn, N. Y., and the cash receipts therefrom,. which he unjustly refuses to apply to the satisfaction of said judgment, as deponent is informed and believes," followed by an allegation of a demand made on the debtor to apply said property to the satisfaction of the judgment. The affidavit should set forth facts and circumstances, so that it may be determined whether there has been an unjust refusal by the judgment debtor to apply the property toward the satisfaction of the judgment. It is not sufficient to merely follow the language of the statute. First National Bank v. Wilon, 13 Hun, 232; Matter of First National Bank, 52 App. Div. 601, 65 N. Y. Supp. 439. It is true that the averment in the language of the statute is enough to give jurisdiction, and that the omission to state the facts and circumstances is a defect and irregularity which may be waived or amended. The defect in this case, however, is not cured by the affidavits submitted on the motion to vacate the order of examination.

The affidavits in support of the motion state that the property, which the debtor is alleged to have had, has been already seized by the sheriff on execution issued on plaintiff's judgment, and in the replying affidavit submitted in behalf of the plaintiff it is stated that the sheriff, or his deputy, for some unexplained reasons, which are obvious, how-

ever, to other persons, refused to collect this judgment, and stated that he should be assisted in collecting it. For the neglect of the sheriff, if it exists, the plaintiff has his remedy against that officer. It does not appear, either from the affidavit upon which the order of examination was granted, or from the affidavits submitted on the motion to vacate such order, that the defendant has property which he unjustly refuses to apply to the satisfaction of the judgment, nor any reason why his remedy by execution is not adequate.

Motion granted.