(10 App. Div. 527.)

GLOVER et al. v. GARGAN.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

SUPPLEMENTARY PROCEEDINGS—WAIVER OF OBJECTIONS.

A judgment debtor waives the objection that the judgment lien has expired by limitation, where he appears in person and by attorney, in obedience

to an order for an examination in reference to his property, and submits, without objection, to the examination, and to the appointment of a receiver of his property.

Appeal from special term, Kings county.

Action by Frank Glover and George W. Glover against Charles A. Gargan. From an order denying a motion to set aside an order to examine defendant in supplementary proceedings, and from an order appointing a receiver, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. E. Dana, for appellant.

W. H. Andrews, for respondents.

BROWN, P. J. The judgment in this action was recovered April 15, 1882, and an execution was issued thereon against the property of the appellant in June, 1882, and returned unsatisfied in August, 1882. Nothing further appears to have been done until February 25, 1896, when a second execution was issued to the sheriff of Kings county, where the judgment debtor then resided, which execution was returned unsatisfied in March, 1896. Upon the return of the second execution, an order was granted for the examination of the judgment debtor. Such examination was had on May 8th, and thereafter, on June 22d last, a receiver of the judgment debtor's property was appointed. Upon these facts the condition did not exist which entitled the respondents to examine the appellant in proceedings supplementary to execution. More than 10 years had expired since the return of the first execution issued upon the judgment, and the second execution was not effective to reach all the judgment debtor's property, inasmuch as, at the time it was issued, the judgment had ceased to be a lien upon the debtor's real estate and chattels real. Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728. The orders for the debtor's examination and for the appointment of a receiver of his property should, therefore, have been set aside, unless the defects in the proceedings were such as the debtor could waive.

We are of opinion that the objections now taken to the orders by the appellant were such as the judgment debtor could waive, and that he must be deemed to have waived them. It appears from the record before us that he appeared before one of the justices of the supreme court at the special term, in obedience to the order for his examination, in person and by attorney, and without objection submitted to an examination in reference to his property, and that at the close of such examination a motion was made for the appointment of a receiver. The appellant made no opposition to that motion, whereupon it was granted, and the receiver was appointed. These facts are not denied by the appellant, but the court is asked to set aside the orders on the ground that at the time of the examination the appellant's attorney was not aware of the decision of the court of appeals, to which reference has heretofore been made in this opinion. We think that having failed to

object to the order for his examination, or to oppose the motion for the appointment of a receiver, the appellant was not entitled, for the reasons stated, to have the order vacated. It appears from the papers before us that, subsequent to the recovery of the judgment against him, the appellant conveyed to his sister Annie M. Gargan certain lots, with the buildings thereon, in the city of Brooklyn, and that the receiver has been authorized to commence an action against said Annie M. Gargan to have said conveyance set aside as fraudulent.

It is quite apparent that the objections now made by the appellant to the order for his examination and to the order appointing a receiver will be available as a defense to any action which the receiver may commence to procure said deed to be set aside. But Annie M. Gargan is not a party to this appeal, and is not before the court, and she alone is entitled to defend the title to the real estate conveyed to her. So far as the appellant is concerned, he must be deemed to have waived the defects in the proceeding claimed to exist, and the orders appealed from must, therefore, be affirmed, with $10 costs and disbursements. All concur.