(64 App. Div. 125.)

### MESSING v. MESSING et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. JOINT TENANCY—PARTITION—HUSBAND AND WIFE.

　　Where a husband and wife hold land as joint tenants, partition will lie for its severance.

2. SAME—RIGHT OF CONVEYANCE.

　　Either a husband or wife vested as joint tenants may convey to a third party.

3. SAME—TENANCY IN COMMON.

　　Where a joint tenant in land conveys his interest to a third person, the relation between such person and the other original joint tenant becomes that of tenancy in common.

4. SAME—RIGHT OF SURVIVORSHIP.

　　The right of survivorship in estates held in joint tenancy only terminates with the entire estate in the survivor, where the original joint tenants retain the title at the time of the death of one of them.

5. SAME.

　　Plaintiff's mother conveyed certain land to her and defendant to provide them with a home, as they were expecting to intermarry, which event was afterwards consummated; the deed reciting that the grantees should take "as joint tenants, and not as tenants in common, the survivor to take of the second part." *Held,* that the title was that of joint tenants, restricted so that neither could convey independently of the other, and partition would not lie for the land's severance.

6. SAME—PROFITS OF ESTATE.

　　Where land is held by a husband and wife as joint tenants, the latter is entitled to her proportion of the rents and profits and the income of the property during coverture, the same as though a feme sole.

Appeal from trial term, Erie county.

Action by Julia Abel Messing against John W. Messing and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Fred D. Corey, for appellant.

William C. Fitch, for respondents.

SPRING, J. This is an action primarily of partition, commenced May 24, 1900, by the plaintiff, who is the wife of the defendant John W. Messing. By a deed of conveyance, executed and delivered February 13, 1874, Susannah Mehl, the mother of the plaintiff, conveyed to the latter and the defendant John W. Messing the premises described in the complaint, which are situated on Allen street, in the city of Buffalo. The deed was made to the grantees to provide a home for them, as they were then expecting to intermarry, and that

event was consummated the 18th of May following. The deed provides that the grantees shall take "as joint tenants, and not as tenants in common, the survivor to take of the second part." The sole question is whether the plaintiff is simply a joint tenant of the property with her husband; for, if so, the land is capable of severance, and the action of partition will lie. Code Civ. Proc. § 1532; Cloos v. Cloos, 55 Hun, 450, 8 N. Y. Supp. 660; Jooss v. Fey, 129 N. Y. 17, 29 N. E. 136. If the parties are vested as joint tenants, either can convey to a stranger, and the relation between that grantee and the other original joint tenant becomes that of tenancy in common. 1 Washb. Real Prop. (3d Ed.) 558. The right of survivorship, which is an essential element of joint tenancy, only terminates with the entire estate in the survivor when the original joint tenants retain the title at the time of the death of one of them. The right to convey in the meantime is unhampered, and by reason of this fact partition is permissible by action. This power to sever the premises is the peculiarity of the estate, chiefly distinguishing it from that by the entirety. Hiles v. Fisher, 144 N. Y. 306–312, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. The parties could make whatever contract they saw fit as to the quality of the title held by them. They evidently wished an estate partaking of the attributes of joint tenancy, and they accordingly provided for that relation. But they were not satisfied with this estate, pure and simple, but sought to impose a limitation upon it by depriving either co-tenant of the right to alienate independently of the other; thus assuring to the surviving grantee the whole premises, unless they voluntarily parted with the title. It was an estate of joint tenancy, but with the restrictive characteristics imparted to it which is the marrow of the title by the entirety. Either the language is to be given this construction, or else it is tautological or meaningless. We must give force to it, if possible, without doing violence to the apparent intention of the parties. That this interpretation accords with their scheme is borne out by the extrinsic evidence showing their relations to each other and to the property. The grantor was the mother of the plaintiff, the deed was made in expectation of an early marriage of the grantees, and the premises were designed for their home; all these are circumstances confirming the deduction that the language referred to was included in the deed for a purpose. If the premises were permitted to be sold or divided by this action, the right of survivorship would be destroyed, and the design of the parties to it at its inception would be thwarted. We are satisfied, therefore, that the action in that aspect of it cannot be maintained.

The complaint alleges that the said owners gave two mortgages upon these premises, aggregating in amount $1,160; that the plaintiff joined in these mortgages "at the special instance and request" of her husband, and that he received the entire avails thereof for his own use and benefit; that in addition thereto he also had the sole care and management of this property, "and has received most of the rents and profits" thereof during their joint ownership; that he has refused to account or pay the plaintiff her portion thereof, and she asks judgment for an accounting. There was some proof given

on the trial in support of these allegations, but evidently, by the acquiescence of the parties, the accounting was deferred until the determination of the question of the right of the plaintiff to maintain the action of partition. There was, however, no consent to a dismissal of the complaint if the action for its primary purpose could not be sustained. I think the court erred in dismissing the complaint. Whatever is that character of the estate held by the grantees, the plaintiff is entitled to her proportion of the rents and profits, and the income of the property during coverture, the same as if she were a feme sole. Hiles v. Fisher, 144 N. Y. 306–314 et seq., 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Grosser v. City of Rochester, 148 N. Y. 235, 42 N. E. 672. One joint tenant may recover by action "his just proportion against his co-tenant, who has received more than his own proportion." Code Civ. Proc. § 1666.

These claims are not an incident to the right to partition the premises, but constitute a separate, independent cause of action, and were fully set out in the complaint. If the plaintiff assented to the retention of these moneys by her husband, not expecting him to account and pay over to her, she cannot now demand that he do so. The judgment should therefore be reversed, with costs to the appellant to abide the event, and a new trial granted, to enable a trial of that part thereof which pertains to an accounting between the parties.

Judgment reversed, and new trial granted. All concur.