(100 App. Div. 115)

BOOTH v. FORDHAM et al.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. CONFLICTING EVIDENCE—CONCLUSIVENESS OF VERDICT OF JURY.
    Where the evidence is conflicting, the verdict is conclusive.

2. DEVISE TO HUSBAND AND WIFE—TITLE ACQUIRED.
    Where a devise is made to a husband and wife, the presumption is that they take by entirety, unless the words of the devise indicate an intention that they are to take as joint tenants or tenants in common.

3. NEW TRIAL—VERDICT OF JURY—CONFLICTING EVIDENCE.
    Where a conveyance by a husband and wife to their children of land devised to them was made to divest the wife's interest therein and transfer it to the husband, by making the children mere intermediaries,

and the evidence was conflicting as to whether there was any considera-
tion for the conveyance by the wife, and whether the deed was ever de-
livered, the issues were for the jury.

Appeal from Special Term, Monroe County.

Action by Edward R. Booth against Carrie H. Fordham and an-
other. From an order granting a new trial on the motion of plain-
tiff after a verdict in favor of defendants, they appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Charles J. Bissell and John P. Morse, for appellants.
George P. Hecker, for respondent.

SPRING, J. The action is partition, and the defendant Abial
D. Booth is the father of the plaintiff and the defendant Carrie H.
Fordham. Milo Byington, by will admitted to probate in 1864,
devised the premises in controversy to his daughter Mary Jane
Booth and her husband, the defendant Abial. These devisees lived
on the farm until 1877 as joint owners thereof. In December of
that year they entered into an agreement of separation, and, as part
of the consideration thereof, the wife was to convey her interest
in the land to her husband, and he was to pay her $1,500, and she
was to go unmolested. A lawyer came to the Booth household to
prepare the deed and necessary papers to consummate the agree-
ment. The plaintiff was then a boy of 14, and the sister of 19,
years, and both were present at the transaction. The attorney in-
formed the parties that a conveyance could not be made directly
from the wife to the husband, but the transfer must be through a
third person as an intermediary. In casting about, several persons
were suggested as temporary grantees, but, by reason of some
whim of Mrs. Booth, none named were acceptable to her. So the
two children were finally agreed upon, and the deed ran to them,
and was executed by the father and mother. There was no pur-
pose to convey the land absolutely to these children, or for them
to hold it for the benefit of their father, but the intention was that
they were to be mere conduits—the means used in divesting title
from the wife and placing it in the husband. The fact of the minor-
ity of the grantees does not seem to have been considered by the
attorney, in vesting them with the title, although he made no sug-
gestion relative to getting the title from them in the defendant
Abial. The deed was kept by Abial until 1882, when it was caused
to be recorded during his illness by his sister, and, as he testified,
without his knowledge. He has always acted as the owner of the
premises. He leased to the plaintiff, even after he attained his ma-
jority, at an annual rental of $300, and the husband of the defend-
ant Carrie Fordham has for many years been the tenant of the
father. No question as to his title seems to have been raised until
about the time of the commencement of this action, in March,
1901.

The action has been twice in this court on former appeals. The
first trial resulted in a nonsuit, and the judgment thereon was re-
versed (73 App. Div. 109, 76 N. Y. Supp. 664); the court holding

that the question of the delivery of the deed was one of fact, and that the issues involved were triable in an action of partition. Upon the second trial, judgment was directed in favor of the defendants, which was reversed (85 App. Div. 624, 82 N. Y. Supp. 1094) on the ground that the plaintiff was entitled to have the issues passed upon by the jury. These decisions commit this court decidedly to the proposition that the determination of the questions involved was for the jury. The evidence on the last trial was substantially the same as on the previous trials. The court submitted to the jury the questions whether there was a good consideration for the conveyance from the children grantees to their parents; whether the deed was delivered to the grantees; if not, whether the defendant Abial ratified the recording thereof; and whether the intent of the parties was "to transfer this property absolutely to the children." These various questions were the subject of conflicting testimony, or different inferences were fairly permissible, so that the verdict of the jury settled them in favor of the defendants.

The plaintiff's counsel requested the court to "direct the jury to answer the following question in the affirmative, namely: Was there any consideration for, and was the deed in respect to the conveyance by Mary J. Booth of her title in the land to the children ever delivered?"—which the court declined to do. The new trial was granted because of the refusal to grant this direction.

In its memorandum the court held that the interest of the wife in the land was severable (citing Jooss v. Fey et al., 129 N. Y. 17, 29 N. E. 136), and that the conveyance was founded on a good consideration paid by the husband, and the delivery of the deed to the grantees was for his benefit, and no use or trust resulted in him, but the children became vested with the absolute title (citing Niver v. Crane et al., 98 N. Y. 46, and Everett v. Everett, 48 N. Y. 218).

Where a devise or conveyance is made to a husband and wife, the presumption is that they take title by entirety, which is inseverable. Miner v. Brown et al., 133 N. Y. 308, 31 N. E. 24; Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361. This rule may be modified by qualifying words in the instrument which indicate an intention to take as joint tenants or by tenancy in common. The devise of Milo Byington is unqualified in its terms, and, there being nothing tending to show a contrary purpose, we might well hold that the presumption obtains, and the title was that by entirety. However, we do not deem the question of importance in this case. Both parties joined in the conveyance, and there was no intention to separate their interests. The wife was not endeavoring to disconnect her title from that of her husband and vest it in her stepchildren. The controlling purpose was to overcome the obstacle suggested by the attorney, that a deed from the wife to the husband was improper, and must be effectuated through the medium of a third person. The title was not to remain in the children, but its route in being transferred was to pass through

them to its destination—the husband and intended grantee. If the grantors had conveyed to the children, expecting them to retain the title for the benefit of the father, the statute of uses and trusts would probably vest them with the absolute ownership. Everett v. Everett, 48 N. Y. 218; Niver v. Crane et al., 98 N. Y. 40. Under the arrangement that the title was taken in them to avoid running counter to the statute which forbade the conveyance directly to the husband, if the children had refused to deed to their father equity would have compelled them to convey. Kincaid v. Kincaid, 85 Hun, 141, 32 N. Y. Supp. 476, affirmed 157 N. Y. 715, 53 N. E. 1126. No attempt was made to divest them of the title, but there was no relinquishment of the father's rights. He simply omitted to enforce them. Beyond this, he kept the deed in his possession; and its recording, the jury have found, was without his knowledge or assent, and that there was no ratification of this act, and that there was no delivery of the deed to the children, and no intent to invest them with the title. These findings are all potential in vindication of the position of the father, and each was a question of fact submitted to the jury. The order should be reversed, with costs of this appeal, and judgment ordered on the verdict, with costs.

Order reversed, with costs of this appeal, and judgment ordered on the verdict, with costs. All concur.