(52 Misc. Rep. 532)

## DAMERS v. STERNBERGER.

(Supreme Court, Appellate Term. February 11, 1907.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—DEBTOR'S REALTY—
   RIGHT TO SELL.

> Under Code Civ. Proc. § 2468, subd. 1, vesting the debtor's property in the receiver, appointed in supplemental proceedings, from the filing of the order, except that under subdivision 1 real property vests only from the time when the order is filed with the clerk of the county where it is situated, the receiver does not take title to the debtor's realty, nor can he sell and convey the same.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1174.]

2. SAME—EXHAUSTION OF REMEDY BY EXECUTION.

> The remedy by execution against the judgment debtor's real estate must first be exhausted before a receiver appointed in supplemental proceedings is entitled to subject the same to the payment of a judgment.

Appeal from City Court of New York.

Supplementary proceedings by John Damers against Morris S. Sternberger. From an order authorizing and directing the receiver to sell defendant's interest in the remainder to certain premises, defendant appeals. Order reversed.

See 95 N. Y. Supp. 532.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and AMEND, JJ.

E. M. Wight, for appellant.

L. A. Gould, for respondent.

MacLEAN, J. The defendant, judgment debtor, appeals from an order of the City Court authorizing and directing the receiver, appointed in supplementary proceedings subsequent to the return of an unsatisfied execution, of all his property, rights, and things in action, to sell his estate, right, and interest in remainder to certain premises situate in the borough of Manhattan, and contends that the remedy by execution must be exhausted. His contention must be sustained, for such receiver, under subdivision 1 of section 2468 of the Code of Civil Procedure, acquires no title to real property nor power to sell and convey (Nat. Bank v. Bussing, 147 N. Y. 665, 670, 42 N. E. 345; Chadeayne v. Gwyer, 83 App. Div. 403, 82 N. Y. Supp. 198, while it was the duty of the plaintiff, the judgment creditor, to exhaust his remedy by execution before resorting to these proceedings (First Nat. Bank of Canandaigua v. Martin, 49 Hun, 571, 2 N. Y. Supp. 315); otherwise "it would be a practical repeal of the statutes providing for the sale of real estate under a judgment." (Albany City Nat. Bank v. Gaynor, 67 How. Prac. 421, 424). The order should be reversed, with costs and disbursements.

Order reversed, with costs and disbursements. All concur.