(54 Misc. Rep. 463.)

HALL et al. v. SENIOR et al.

(Supreme Court, Special Term, New York County. May, 1907.)

1. WILLS—CONSTRUCTION—DEATH OF LEGATEE.

Testator devised all his property to his wife for life, after her death the estate to be equally divided between his children then living, and, in the event of the death of any child before the death of his wife, such share to go to the issue, or child or children of such deceased child or children. Held, that the interest of a child who died before the death of the life tenant became extinguished, and the share intended for him passed to his children and the devisees free from all claims of their father's creditors.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—POWERS OF RECEIVER.

Where a receiver was appointed in supplementary proceedings, he acquired no title to the real property of the debtor, nor any power to sell the same, but only to take possession, for the purpose of satisfying the judgment; his right being subject to be terminated by the sale of the property under execution and a deed to the purchaser, or by the expiration of the 10 years during which the judgment was a lien on the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1173.]

Action by Amanda M. Hall and others against Charles A. Senior and others for partition. Judgment rendered.

Edward H. Senior died in 1868 seised of considerable real estate in New York and Putnam counties. His will contained the following provision:

"Second: I will, bequeath and devise all my worldly estate of whatsoever kind or nature, real, personal and mixed unto my dearly beloved wife Amanda

Melvina Senior, for and during her natural life, and after her death the said estate of which I may die seised, possessed of, or entitled to, both real, personal and mixed, I direct to be equally divided between our children who shall be then living, and in the event of the death of any of our children before the death of my dear wife, then such share which such child would have been entitled to shall go to the issue or child or children of such of our deceased child or children.

"It is my will and I so direct that my dear wife shall make especial provision for the comfort and support of our son Thomas S. Senior, and that the same or the cost of such especial comfort and support of our son Thomas, shall be a charge upon my estate during his, our said son Thomas' natural life, and that he shall share with the rest of our children after the demise or death of my dear wife."

The widow was appointed executrix. With estate assets she purchased other real estate, the deeds running to her as executrix. She died in 1902. One son, Edward, predeceased her, leaving several children. In his lifetime judgments were recovered against said son, and a receiver in supplementary proceedings was appointed of his property. His interest in the testator's real estate was sold and conveyed by the sheriff under an execution, and was also sold and conveyed by the receiver under an order of the Marine Court. Also, during the lifetime of the widow, there was sold and conveyed under the execution of one Stillwell the interest of another son, Charles, not only in the property of which the testator died seised, but also in the property which the widow had acquired as executrix. In 1874 certain other creditors obtained a judgment against Alfred, another son of the testator. In 1891 an order was made by the City Court granting leave to issue execution and execution was issued. The interest of the debtor in the testator's real estate was sold and conveyed by the sheriff, and the same by mesne conveyances is claimed by the defendants Govin and Simpkins. In 1879 William T. A. Hart recovered a judgment against William and Theodore Senior. After a second execution in 1891, a receiver in supplementary proceedings sold the interest of the debtors in the testator's real estate, pursuant to an order of the City Court. The executrix conveyed certain Downing street property to her daughter, purporting to be acting under a power of sale contained in the will. The deed expressed a consideration of $30,000, but none was in fact paid. Eighteen days later the daughter incumbered the Downing street property and also certain Forty-Ninth street property with a blanket mortgage, the proceeds of which mortgage were simultaneously used in the purchase of the Forty-Ninth street property. The daughter then reconveyed both properties to the executrix. The executrix conveyed to the son Thomas the homestead property in Putnam county, purporting to be acting in compliance with the directions contained in the will. The validity of this conveyance is attacked only by the purchasers at the receiver's and sheriff's sales.

Henry B. Hathaway, for plaintiffs.

Alphonse Dession (John M. Stoddard, of counsel), for Charles, Alfred, Theodore, and William Senior, and Burke.

John C. West, for children of Edward M. Senior.

Coudert Brothers (Charles B. Samuels, of counsel), for Hart & Smith.

Merrill & Rogers (A. H. Holbrook, of counsel), for Stillwell.

Charles S. Simpkins, for Simpkins.

William H. Blymer, for Govin.

Jacob Fromme, for Burt as receiver.

Justus W. Smith, for Hollister.

O'GORMAN, J. After providing for the maintenance of his son Thomas, the testator gave a life estate in all his property to his widow, with remainder over to his nine children. They took a vested inter-

est, liable, however, to be divested in the event of their predeceasing their mother. The will expressly declares that, in the event of the death of a child before the termination of the life estate, the issue of said deceased child shall take the parents' share. One son, Edward M. Senior, died before his mother's decease, and his interest and that of those claiming under him thereupon ceased. The rights of judgment creditors, receivers, and purchasers at sheriff's sales, so far as they affected Edward M. Senior, became extinguished when he died. When his death occurred, the share intended for him passed to his six children, absolutely freed from their father's liabilities. They did not take as heirs of their father, but as devisees of their grandfather, the testator. The supplementary proceedings instituted upon the Hart judgment recovered against the defendants William A. Senior and Theodore E. Senior were not void. The defects in those proceedings were not jurisdictional, and were waived by the appearance and examination of the judgment debtors and the appointment of a receiver without objection. Glover v. Gargan, 10 App. Div. 527, 42 N. Y. Supp. 74. But, although the appointment of the receiver was valid, his attempted sale of the judgment debtor's real estate was ineffectual to pass title. A receiver appointed in proceedings supplemental to execution does not acquire any title to the real property of the judgment debtor, nor any power to sell or transfer such real property. His interest is simply a right to take possession of the judgment debtor's real property for the purpose of satisfying the judgment, and is subject to be terminated by a sale of the real property under execution and the delivery of a deed thereof to the purchaser. It is also subject to be terminated by expiration of the ten years during which the judgment under which the receiver is appointed is a lien upon the premises. Chadeayne v. Gwyer, 83 App. Div. 403, 82 N. Y. Supp. 198; Damers v. Sternberger, 52 Misc. Rep. 532, 102 N. Y. Supp. 740; Steenberge v. Low, 46 Misc. Rep. 285, 92 N. Y. Supp. 518. The sheriff's deed under the Brown judgment, purporting to convey the interest of Alfred Senior in Nos. 57 and 59 Downing street, No. 134 West Forty-Ninth street, and the leasehold in West Houston street was wholly ineffectual, as it rested on an execution issued 17 years after the docketing of the judgment. Execution cannot reach real estate after it has ceased to be a lien. Baumler v. Ackerman, 63 Hun, 40, 17 N. Y. Supp. 436; Matter of Harmon, 79 Hun, 226, 29 N. Y. Supp. 555. Section 1252 of the Code of Civil Procedure is restricted to judgments "hereafter rendered"; that is, after September 1, 1877. The judgment of Brown against Alfred Senior was recovered May 5, 1874. The testator never owned the Forty-Ninth street property, nor the Houston street leasehold. These two properties were acquired by the widow of the testator, and, while they were purchased with the money of the estate and the title taken in the name of the widow as executrix, the interest of the testator's children in these properties was never a legal estate until the death of the executrix in 1906. Lockman v. Reilly, 95 N. Y. 64. The sheriff's deed to Benjamin Stillwell conveyed all the one-ninth interest of Charles A. Senior in the properties Nos. 57 and 59 Downing street and No. 79 Carmine street.

The $15,000 mortgage now covering the Downing and Forty-Ninth street properties is a valid incumbrance, but, as it was created for the purpose of the Forty-Ninth street property, the amount thereof should be satisfied out of the property which received the entire benefit of it. The right of Thomas Senior to retain the Putnam county homestead is not disputed by any of the heirs or devisees, who are the only persons having an interest therein, and his acceptance of the same will be deemed to be in satisfaction of the provision made for his support. Those who acquired title under the Stillwell judgment obtained an interest in certain designated parcels of property, but not in the entire estate. They therefore have no interest in the homestead property. Ordered accordingly.