WOJECH BARTKOWAIK, Plaintiff, *v.* JOHN SAMPSON et al., Defendants.

(County Court, Oneida County, September, 1911.)

Execution against property — Property subject to execution — Real property — Interest as tenant of the entirety.
Partition — Right and propriety — Persons entitled.
Supplementary proceedings — Receivers — Property rights and management and disposal of property — Real property.

> A receiver in supplementary proceedings is not vested with the title to the real property of the judgment debtor but takes only a right of possession as a means of satisfying the judgment creditor's judgment.
>
> The judgment debtor's interest as tenant of the entirety with his wife may be sold on execution and the purchaser takes as a tenant in common but subject to the wife's right of survivorship.
>
> In such a case, the purchaser cannot maintain an action for partition.

ACTION for partition.

P. H. Fitzgerald, for plaintiff.

H. F. & J. Coupe, for defendants.

HAZARD, J. This action is brought for partition of certain lands in the city of Utica, and the following are the facts with reference to the case: On January 9, 1909, plaintiff procured a judgment against defendant John Sampson for $345.06, which was on that day docketed in the Oneida county clerk's office. An execution was issued thereon, which was returned unsatisfied, February 15, 1909. Thereafter supplementary proceedings were instituted; and, on March 9, 1909, A. G. Senior was appointed receiver of the property of the judgment debtor, John Sampson. The order appointing him was entered in the Oneida county clerk's office March 16, 1909, and the receiver duly qualified as such. Thereafter, and on June 16, 1909, another execution was issued upon the judgment in question and a levy

made upon the real estate involved in this action, which consisted of a house and lot which had been conveyed to the judgment debtor, John Sampson, and to the defendant Veronica Sampson, his wife; and, on August 10, 1909, the sheriff of Oneida county conducted a sale under the execution, and the property, or the judgment debtor's interest in it, was conveyed to the plaintiff, who received a sheriff's deed, dated November 14, 1910. Subsequently, on May 11, 1911, an order was entered cancelling the appointment of Senior as receiver and discharging him as such. Thereafter the plaintiff brought this action against the wife of his judgment debtor and others seeking a partition of the property, the plaintiff claiming to be a tenant in common with the defendant Veronica Sampson, pursuant to said sheriff's deed. The defendants claim that, by reason of the fact that there was a receiver of John Sampson's property, who had duly qualified and was acting as such during all the time the proceedings were being carried on which resulted in the sheriff's sale and deed to plaintiff, the title to the judgment creditor's share or interest in the real property in question was vested in that receiver, and that the sale was a nullity. Defendants also claim that Veronica Sampson is a tenant by the entirety, or was such tenant with her husband, John Sampson, the judgment debtor, and that, therefore, the action of partition cannot be maintained against her. We will consider these points in the order named.

Section 2468 of the Code provides that the property of a judgment debtor is vested in a receiver who has duly qualified from the time of filing the order appointing him, and, in the case of real property, it is vested in him, from the time when the order is filed with the clerk of the county where it is situated. This apparently plain provision of the statute would seem to sustain defendants' contention, and Porter v. Williams, 9 N. Y. 142, would also seem to confirm defendants' contention. However, the courts seem to have held, repeatedly, that the apparent meaning of the statute is not the real one. In Chadeayne v. Gwyer, 83 App. Div. 403, it was said: " The fair construction of subdivision 1 of section 2468 of the Code limits the interest that the re-

ceiver takes to a right of possession as a means of satisfying the plaintiff's judgment; that the right to possession is subject to a valid sale of the property under an execution regularly issued; that upon a sale under execution and delivery of a deed thereunder the right of the possession of a receiver is terminated." The Court of Appeals held in the case of National Bank v. Bussing, 147 N. Y. 670, that the language above quoted from the Code is to be read and construed in connection with the other provisions of the statute, " and cannot be taken literally; " also that the receiver takes no such absolute title to real estate as would enable him to sell it, and that his title is a qualified one which does not divest the debtor of the legal title. In Matter of Damers v. Sternberger, 52 Misc. Rep. 532, it is held that a receiver cannot sell defendant's interest in real estate, and that the remedy by execution must be exhausted. In that case an order directing a duly qualified receiver to sell real estate was reversed, and the judgment creditor was remanded to his remedy by sale on execution. In I. & T. National Bank v. Quackenbush, 143 N. Y. 572, it was said that a court of equity will never appoint a receiver for the purpose of selling real estate which he might himself sell by execution. See also Hall v. Senior, 54 Misc. Rep. 463; Harris v. Osnowitz, 35 App. Div. 594; Steenberge v. Low, 46 Misc. Rep. 285; Moyer v. Moyer, 7 App. Div. 523. There are numerous other cases in which the same proposition is held.

Porter v. Williams, referred to above, was a case in which it was held that a receiver in supplementary proceedings represents the creditors, and that he might maintain an action as such to set aside a prior fraudulent conveyance. The case of Walling v. Miller, 108 N. Y. 173, cited by defendants, relates to personal property only, and is probably not in point. About the same is true of McCorkle v. Herrman, 117 N. Y. 279, in which case it was held that a receiver took title to a cause of action of the judgment debtor accruing upon a mechanic's lien. Numerous other cases are cited by the defendants to the effect that action cannot be taken against property in the hands of a receiver without

permission of the court, but that is an entirely different proposition, not involving the question at bar. I think, upon the authority of the cases above cited, that I must decide against the defendant upon his first contention, and that whatever interest defendant John Sampson had in the real estate in question, which might have been reached by execution, was effectually sold to the plaintiff herein by the execution sale, irrespective of the receivership.

We now come to the second defense raised, and have to decide whether the plaintiff, having purchased the interest in the real estate of John Sampson, can now maintain a partition action against John Sampson's wife, which he is seeking to do in this action. Without attempting to decide the exact status of the plaintiff as a purchaser on execution sale, we may, for the purposes of this action, assume that he has no greater rights in the property in question than his judgment debtor had before the sale; and this reduces the question to the apparently simple one of whether a tenant by the entirety may maintain partition against his cotenant. This undoubtedly could not formerly be done, but a question is raised as to the effect of the so-called "Enabling Acts" (Laws of 1848, chap. 200; Laws of 1860, chap. 90; Laws of 1880, chap. 472) which gave married women greater rights and privileges in the way of holding property than they formerly possessed. The cases, however, since the act of 1880, above referred to, uniformly hold that the statute in question has not done away with tenancies by the entirety. Bertles v. Nunan, 92 N. Y. 152.

It is also held that the rule making husband and wife tenants by the entirety may be obviated by the intention of the grantor, as shown by the express words of the grant, so that husband and wife may, when such an intention is shown, take as joint tenants and not as tenants by the entirety. Joos v. Fay, 129 N. Y. 17; Banzer v. Banzer, 156 id. 436; Cloos v. Cloos, 55 Hun, 450. In Messing v. Messing, 64 App. Div. 125, it was held that a deed to a man and woman who were about to be married, and who subsequently did marry, in which it was provided that they should take " as joint tenants, and not as tenants in common,

the survivor to take," constituted the grantee's title an estate amounting to and equivalent to a tenancy by the entirety; and it was held in that case that partition would not lie. It is undoubtedly true that partition is maintainable between joint tenants. Code Civ. Pro., § 1532; Cloos v. Cloos, 55 Hun, 450; Joos v. Fay, 129 N. Y. 17. It also appears that, by proper words in the conveyance, husband and wife may take as tenants in common. Miner v. Brown, 133 N. Y. 308. Where nothing is said in the deed of conveyance indicating a contrary intention, as in the case at bar, in which the deed simply ran to John Sampson and Veronica Sampson, his wife, I think it is correct to assume that they thereby became tenants by the entirety, and that that was their status prior to the commencement of the proceedings which we are considering. Gerard, Real Estate (5th ed.), 322; Bertles v. Nunan, 92 N. Y. 152; Grosser v. City of Rochester, 148 id. 235; Booth v. Fordham, 100 App. Div. 115; Niehaus v. Niehaus, 141 id. 251.

It appears that the interest of·the judgment debtor as a tenant by the entirety may be sold ·on execution; and in such a case it has been held that the purchaser takes as a tenant in common, but subject to the wife's right of sur-·vivorship. Beach v. Hollister, 3 Hun, 519; Coleman v. Bresnaham, 54 id. 621. In the latter case it is undoubtedly true that the *dictum* that the purchaser would take the right of possession as long as the judgment debtor (the husband) should live has been changed by the subsequent legislative enactments; but I assume that the decision that the interest of the husband may be sold on execution still stands.

Hiles v. Fisher, 144 N. Y. 306, is ·a leading case upon the subject under consideration, and in that case it was decided that the purchaser upon a sale under a mortgage executed by the husband· did not acquire a right to the entire use and control of the property during the wife's lifetime, thereby changing the law on that subject as laid down in a number of earlier cases; but it was held that such purchaser acquired the right of the husband, which was a right to the use of an undivided half of the estate during the joint lives, and to the fee, in case he survived his wife (p. 316). This

case unquestionably establishes the proposition that the interest in lands of one of the tenants by the entirety may be sold. It recognizes the existence of the estate known as tenancy by the entirety. It holds that " the common law right to *usufruct* was not an incident of the tenancy, but of the marital right operating upon the property so held."

It was said by the court that the purchaser at a sale under the husband's mortgage " became a tenant in common with the woman, of the premises," but distinctly holds that the purchaser's interest is " subject to her right of survivorship."

None of the cases which have been cited in the briefs filed with me, or which I have been able to find, which are of later date than the act of 1880, seem to definitely pass upon the question at bar, as to whether this plaintiff can maintain an action of partition against the defendant Veronica Sampson. In the Messing v. Messing case, cited above, the court says that the question there involved is " whether the plaintiff is simply a joint tenant of the property with her husband, for, if so, the land is capable of severance, and the *action of partition will lie."* This would seem to indicate the opinion of the judge writing that if the parties were tenants by the entirety partition would not lie. The decision was that the parties to that action were entitled to the right of survivorship, and, therefore, partition would not lie; and I, therefore, think the case is as near in point as any recent one which I have been able to find.

Section 1532 of the Code provides that partition may be brought where two or more persons hold real estate as joint tenants, or as tenants in common; but, as there is obviously a distinction between joint tenants and tenants by the entirety, that section in terms does not authorize partition in a case like that at bar. The plaintiff quotes section 56 of the Domestic Relations Law which is in effect a re-enactment of the Laws of 1880, chapter 472, quoted and considered above. It provides that the husband and wife may convey or transfer real estate or personal property directly, the one to the other, without the intervention of a third person, and may make partition or division of any real property held by them as tenants in common joint tenants

or tenants by the entireties; and plaintiff contends that this section is authority for this procedure. He does not cite any authority which so holds, and I am unable to find any.

A careful consideration of the whole context of section 56 and of the numerous cases which have since been decided with reference to it leads me to believe that the intention and meaning of that section is simply to authorize the husband and wife to convey their property to others or among themselves with the utmost freedom. As applied directly to the point in question, I believe that it *permits* them to divide or " partition " any real property which they may hold as tenants by the entirety or otherwise. I do not believe that the section under consideration goes far enough to enable one tenant by the entirety to *compel* partition. Section 1546 of the Code provides what sort of an interlocutory judgment may be rendered in a partition action, and section 1557 provides for a final judgment; section 1570 provides for protecting the interest of owners of future estates, but none of these sections, or of any I am able to find, make any adequate provision for protecting the right of survivorship. In the case at bar, Veronica Sampson has an undoubted right to the whole of the real property in question, provided only that she survives her husband. I do not see that there is any provision of law applicable to partition actions which gives her any adequate protection in that right; and I do not believe that that right has been or can be taken away from her.

I, therefore, reach the conclusion that, although plaintiff's purchase by sale under execution was sufficient and suitable to reach and vest in him any interest in the real estate in question which John Sampson owned, which was salable, it did not give him a right to maintain an action of partition against Veronica Sampson, and that, therefore, this action must be dismissed, with costs.

Judgment accordingly.