Joseph A. Suozzi, J.
This is an action for partition and an accounting. [See 11 A D 2d 721.] The real property involved had been owned by Noel Simon and Feme Simon, his wife, as tenants by the entirety. A judgment against the husband tenant, Noel Simon, by a Sarah Levine in November, 1956, resulted in a levy of execution against the said husband’s interest. Subsequently, in November, 1957, the Sheriff of Nassau County sold Noel Simon’s interest in the real property at public auction to the judgment creditor, and a certificate of sale was delivered to her. The plaintiff, to whom the certificate of sale had been assigned, received a deed from the Sheriff in February of 1959. On or about April 18,1959, Feme Simon, the other tenant by the entirety, conveyed her interest in the real property to the defendant. Subsequent to the commencement of this action and the filing of the lis pendens, the defendant reconveyed the property to Feme Simon in March of 1960.
It is plaintiff’s contention that she is a tenant in common with defendant and is entitled to a judgment of partition. Defendant maintains that plaintiff is not a tenant in common and would not, in any event, be entitled to a judgment of partition because the deed from Feme Simon to the defendant was given by way of security for a loan made, and was intended as a mortgage and not as a deed.
Even though Feme Simon, who now appears to be the owner of the other half-interest in the property, is not a party herein, under section 121 of the Civil Practice Act she is bound by the proceedings inasmuch as the reconveyance to her took place after the filing of a notice of pendency of the action.
Section 1012 of the Civil Practice Act provides that an action for partition may be maintained by a joint tenant or a tenant in common. The exclusion of a tenancy by the entirety from the class of tenancies to whom this right attaches, and the established law of this State have clearly settled the point that a tenancy by the entirety cannot be the subject of an action for partition. (Vollaro v. Vollaro, 144 App. Div. 242; Bartkowaik v. Sampson, 73 Misc. 446 ; Miller v. Miller, 9 Abb. Prac. [N.S.] 444.)
One of the questions before this court is whether or not plaintiff is a tenant in common with defendant. The principle that one of the tenants by the entirety may convey his or her interest to a third person, and that such third person upon receiving such conveyance becomes a tenant in common with the other tenant by the entirety, subject to such other tenant’s right of survivorship, has, been established. (Hiles, v. Fisher, 144 N. Y. 306; Finnegan v. Humes, 163 Misc. 840, mod. 252 App. Div. 385, affd. 277 N. Y. 682.)
*427 In the case of Finnegan v. Humes (supra) the interest of the plaintiff, as in the instant case, was not obtained by voluntary conveyance from one of the tenants by the entirety, but upon an execution sale following- a judgment against one of the tenants by the entirety. In that case the Appellate Division stated (p. 387): “ No reason has been advanced nor can we find any why the interest which was thus voluntarily alienable was not subject to execution. The cases have uniformly held that such an interest is subject to the lien of the judgment and salable upon the levy of an execution. (Beach v. Hollister, 3 Hun 519; Coleman v. Bresnaham, 54 id. 619; Mardt v. Scharmach, 65 Misc. 124; Bartkowaik v. Sampson, 73 id. 446; Lopez v. McQuade, 151 id. 390. See, also, Zubler v. Porter, 98 N. J. L. 444; 120 A. 194; 27 A. L. R. 822.) ”
The holding in the above cases that a purchaser at an execution sale of the interest of a tenant by the entirety takes as a tenant in common with the remaining tenant, but subject to the right of survivorship of that tenant, would apply here. The sale to the plaintiff by the Sheriff resulted in a tenancy in common with Feme Simon, but subject to her right of survivorship.
This leads then to the next question of whether or not the plaintiff can maintain an action of partition against the other tenant, Feme Simon. It has been held that the plaintiff cannot maintain an action of partition against the other tenant by the entirety as long as such tenant retained her interest as tenant by the entirety. (Messing v. Messing, 64 App. Div. 125; Bartkowaik v. Sampson, supra.) However, such is not the case here. In the instant case the tenant Feme Simon conveyed her interest to the defendant. Without deciding at this point whether or not it was a deed or a mortgage, this conveyance served to create a tenancy in common between the plaintiff and defendant. In exercising her right as a tenant by the entirety to convey her interest, Feme Simon, by her conveyance, created a tenancy in common between plaintiff and defendant. Since the only other right of survivorship, to wit, that of her husband, had been extinguished by the sale of his interest, the net effect of her conveyance to the defendant was to create a tenancy in common, unlimited by any right of survivorship.
Accordingly this court determines that the plaintiff was a tenant in common with defendant unless, as defendant contends, the deed from Feme Simon to the defendant was intended as a mortgage. Moving to this point, the court does not believe that the defendant has sustained the burden of proof nor established by clear and conclusive evidence that this was a mortgage and *428 not a deed. The degree of proof required to support such a claim is set forth in the case of Ensign v. Ensign (120 N. Y. 655, 656) as follows: “The burden of establishing an oral defeasance to such a deed is an onerous one * * * A conveyance of land in fee so executed, acknowledged and recorded is of too great solemnity =:i * * to be set aside or converted into a mere security upon loose or uncertain testimony, and it will not be unless the existence of the alleged oral defeasance is established beyond a reasonable doubt.” The defendant sought to establish this defense by such inconclusive evidence as not to satisfy the court of the validity of this contention. Although the conveyance to the defendant was made by Feme Simon, the alleged loan was between the defendant and the parents of Feme Simon. Other than the bare statements of the defendant and the mother of Feme Simon, and except for some testimony that no adjustments were made at the time of the closing, there is no other evidence to establish this claim. No evidentiary matter, by way of checks or receipts or withdrawals from bank account, etc., consistent with this contention was produced. The attorney who handled the matter was not identified, nor was it made clear why his testimony was not produced at the trial of this action. In view of all the facts and circumstances, the court concludes that the defendant has failed to sustain his burden of proving that the conveyance of Feme Simon to him was a mortgage and not a deed.
It is self-evident that the reconveyance by the defendant to Feme Simon did not serve to recreate her interest as a tenant by the entirety, and therefore did not affect the rights of the plaintiff as they existed when the action was commenced and a Us pendens was filed. Accordingly, judgment as prayed for in the complaint is granted except for the accounting, which is denied in the absence of proof to justify this relief. Plaintiff shall have costs.