■ JOSEPH RYAN, Appellant, v NORMA FITZSIMMONS, Respondent, et al., Defendants.—In an action for partition, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered November 4, 1976, which, *inter alia,* denied his motion for summary judgment, granted respondent's cross motion for summary judgment, and granted him leave to move for modification of respondent's judgment of divorce so as to grant him the right to institute an action for partition. Order and judgment modified, on the law, by deleting the second decretal paragraph thereof. As so modified, order and judgment affirmed, with $50 costs and disbursements to defendant-respondent. On March 6, 1960 respondent and one Dennis Fitzsimmons were married and, in October, 1965, they purchased the subject premises as tenants by the entirety (see EPTL 6-2.2, subd [b]). On or about September 16, 1971, Dennis Fitzsimmons, without respondent's knowledge, mortgaged his interest in the marital premises to plaintiff. On March 5, 1973 respondent obtained a judgment of divorce and was awarded exclusive. possession of the marital premises. About one month thereafter, Dennis Fitzsimmons transferred his interest in the premises to respondent by a deed which was recorded. In consideration for the conveyance, respondent paid $10 and waived her right to alimony. On September 18, 1975 plaintiff obtained a judgment of foreclosure and sale of the mortgagor's interest in the marital premises, upon the ground that he had failed to make the mortgage payments. In December, 1975 plaintiff received a referee's deed, which conveyed to him the "interest in common" of Dennis Fitzsimmons. The effect of a foreclosure sale is to vest in the purchaser the entire interest and estate "of the mortgagor and mortgagee" as of the date of the mortgage, unaffected by subsequent actions *(Rector, Church Wardens Vestrymen of Christ Prot. Episcopol Church in City of N. Y. v Mack,* 93 NY 488, 493). Although plaintiff bought the mortgagor's interest, which was that of a tenant in common, all he acquired was the mortgagor's interest as of the date of the mortgage. At the time the mortgage was executed, the mortgagor's interest was that of a tenant by the entirety. A tenant by the entirety cannot maintain a partition action against his cotenant. One who purchases the interest of a tenant by the entirety takes as a tenant in common, subject to the remaining tenant's right of survivorship, and obtains only the right to use and possess the premises (see *Bartkowaik v Sampson,* 73 Misc 446; see, also, 3A Warren's Weed, NY Real Property [4th ed], Partition, § 3.11). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.