■ V.R.W., INC., Appellant-Respondent, v BARBARA KLEIN, Respondent-Appellant, et al., Defendant.—In an action to foreclose a mortgage, the plaintiff, V.R.W., Inc., appeals from stated portions of a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered August 11, 1983, which, *inter alia,* held that the defendant Barbara Klein's signature on various documents was a forgery and dismissed the complaint insofar as it was asserted against her, and the defendant Barbara Klein cross-appeals from so much of the same judgment as provided that the purchaser at the foreclosure sale will be a tenant in common with her with a right to use and possess the premises.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

On June 22, 1981, the plaintiff V.R.W., Inc., loaned Richard Klein Enterprises, Inc. the sum of $50,000. As collateral for the loan, the defendant Richard Klein gave the plaintiff a

mortgage on the residence that he and his wife Barbara owned as tenants by the entirety. What was purported to be Barbara's signature appeared on the mortgage. Shortly after V.R.W., Inc. instituted this foreclosure action, Richard Klein conveyed his interest in the residence to his wife Barbara, and sometime afterwards the two were divorced.

Answering the foreclosure complaint, Barbara asserted that she never had signed the mortgage or promissory note and had not authorized her husband to sign them on her behalf. Ultimately she testified to the same effect at the trial of the foreclosure action, and presented testimony by a handwriting expert that the signatures on the documents were not hers. Special Term found that her signatures had been forged and dismissed the action as against her. That determination should be upheld.

Also in issue, however, are the consequences of Special Term's judgment against Richard Klein which directed that the mortgaged premises, except to the extent of Barbara's interest, be sold at public auction. The judgment further decreed "that the property on which the plaintiff's mortgage is a lien * * * is a tenancy in common with the right of the purchaser thereof to use and possess the premises with the cotenant". Barbara Klein's cross appeal is from the quoted provision. She contends that Special Term erred in providing that the purchaser has the right to use and possess the premises and in failing to provide that the purchaser will take title subject to her right of survivorship.

*Hohenrath v Wallach* (37 AD2d 248, *appeal dismissed* 30 NY2d 674) is dispositive of the issues. In almost identical circumstances, where a conveyance by the husband preceded a divorce, this court held that as a result of the divorce the purchaser at the foreclosure sale would become a tenant in common with the former wife. We reasoned that the right of survivorship inherent in the tenancy by the entirety had ceased as a result of the divorce, and that therefore neither the parties nor their successors in interest could claim the benefit of that right. Even though the lien had attached prior to the divorce, it was necessarily transformed along with the nature of the tenancy into a lien on the husband's interest in the tenancy in common. That reasoning is equally applicable here. To the extent that *Ryan v Fitzsimmons* (57 AD2d 922) indicates a contrary result, it is overruled. Since one incident of a tenancy in common is the right to use and possess the premises *(see, Jemzura v Jemzura,* 36 NY2d 496), Special Term did not err when it provided that the purchaser at the

foreclosure sale would obtain such a right. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.